710 F.2d 516
 Victor MIRANDA, Plaintiff,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware
corporation, Defendant.
In the Matter of R. Edward PFIESTER, Esquire, and G. Richard
Ford, Esquire, Appellants.
 No. 80-5413.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 5, 1982.
Decided July 12, 1983.
 
 H. Andrew Wasmund, Bank, Wasmund & Davidson, Manhattan Beach, Cal., for appellants.
 Appeal from the United States District Court For the Central District of California.
 Before WALLACE, HUG and ALARCON, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 Pfiester and Ford, opposing counsel in a civil case, appeal a district court's order imposing sanctions of two hundred and fifty dollars on each of them for failing to comply with the local rules regarding the pretrial conference. On appeal, they contend that: (1) the district court has no authority to impose monetary sanctions without a finding of contempt; (2) the district court violated due process by imposing the sanctions without affording them notice, an opportunity to prepare a defense, and a hearing; and (3) the sanctions were invalid as contempt penalties because there was no evidence demonstrating their willful violation of the district court's orders.
 
 
 2
 We hold that Local Rule 28 of the District Court for the Central District of California authorized the district court to impose monetary sanctions for failing to comply with the local rules. We reverse the order imposing the penalties and remand the case to allow the attorneys an opportunity to request a hearing and show cause why the sanctions should not be imposed.
 
 FACTS
 
 3
 In June 1977, Miranda, an employee of the Southern Pacific Transportation Co., filed a negligence action against his employer under the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq. (1976). The attorneys submitted memoranda of contentions of law and fact and a proposed pretrial conference order in April 1980.
 
 
 4
 At the pretrial conference, the district court found the documents "totally unsatisfactory." Specifically, the court found plaintiff's Memorandum of Factual and Legal Contentions to be "rambling" and "prolix," rather than concise, as required by Central District of California Local Rule 9.[1] The court also found that plaintiff's exhibits were combined for identification, rather than being individually identified.[2] Finally, the court found that both parties had failed to comply with Local Rule 9 with respect to the expert witnesses' qualifications and the substance of their testimony.[3]
 
 
 5
 With respect to the pretrial conference order, the court told the attorneys to "determine what documents you seek to exclude, stating the legal grounds for your objection, and state such further material with respect to that objection as is necessary to understand your position."[4] The court concluded by warning counsel to pay particular attention to the local rules if they wanted to avoid sanctions.
 
 
 6
 At the second pretrial conference in May 1980, the court found that the attorneys still had not complied with Local Rule 9, in part because both parties had again identified certain exhibits together. The court also found the pretrial conference order seriously deficient, and concluded by imposing sanctions of $250 on each counsel.
 
 
 7
 The attorneys paid the $250 sanctions. Eight days after the second pretrial conference, the parties stipulated to dismissal of the complaint. Two days later, the attorneys filed a notice of appeal with respect to the order assessing sanctions against them.
 
 
 8
 More than two months later, the attorneys moved the district court to remit their penalties. Both attorneys argued that the sanctions appeared to be criminal in nature, thus necessitating contempt proceedings. They also contended that contempt would not be a proper sanction because they had made a good faith effort to comply with the court's orders.
 
 
 9
 On November 20, 1980, the court rejected counsels' request to remit the penalties:
 
 
 10
 Where, as here, both counsel are at fault and the remedy of sanctions against one party in favor of the other is unavailable, it is our view that the court's inherent power to enforce its rules, orders and procedures and to impose appropriate sanctions for failure to comply may be invoked, that the sanctions here imposed were reasonable and appropriate and that contempt proceedings were unnecessary.
 
 
 11
 The court found that the attorneys did not make a good faith attempt to comply with its orders, but stated that it did not believe that good faith would bar the sanctions.
 
 
 12
 Counsel filed an amended notice of appeal from this order on February 3, 1981, more than sixty days after the district court's order declining to remit the penalties.
 
 DISCUSSION
 
 13
 * Jurisdiction
 
 
 14
 The first notice of appeal, filed within 30 days of the district court's order assessing the $250 sanctions, was timely.[5] Fed.R.App.P. 4(a). Consequently, this court has jurisdiction to consider the appeal from the order imposing the sanctions. We do not have jurisdiction to consider the district court's order denying the attorneys' motion to remit their penalties. The district court lacked jurisdiction to consider the motion to remit because the timely filing of the notice of appeal from the original order imposing sanctions transferred the action to this court. See Davis v. United States, 667 F.2d 822, 824 (9th Cir.1982).[6]
 
 II
 Authority to Impose Sanctions
 
 15
 We first consider whether the district court had authority to impose the $250 sanctions. The district court apparently relied upon the local rules of the Central District of California as authority for levying the $250 sanctions for failure to comply with C.D.Cal.R. 9. C.D.Cal.R. 9.10 provides: "Failure of counsel to comply [with Rule 9] shall subject counsel to the sanctions provided by the provisions of Local Rule 28 and 28 U.S.C. Section 1927." Because we find that C.D.Cal.R. 28[7] authorizes the $250 sanctions here, we do not reach the question of whether 28 U.S.C. Sec. 1927 authorizes the imposition of sanctions payable to the court.[8]
 
 
 16
 The appellants contend that we should follow Gamble v. Pope & Talbot, Inc., 307 F.2d 729 (3d Cir.) (en banc), cert. denied, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123 (1962). In Gamble, the district court imposed a $100 sanction on defendant's counsel, payable to the United States, for filing his pretrial memorandum late. The district court acted under a "standing order" of the Eastern District of Pennsylvania that authorized the imposition of monetary sanctions and costs on counsel for failure to prepare for a pretrial conference. Id. at 730. The Third Circuit, sitting en banc, held that the Federal Rules do not authorize monetary sanctions to be imposed against attorneys in a civil litigation unless the attorneys are held in contempt under 18 U.S.C. Sec. 401. Id. at 731. The majority reasoned that the sanction actually constituted a criminal penalty. Id. at 733.
 
 
 17
 Two judges dissented. Chief Judge Biggs stated that: (1) imposing monetary sanctions on counsel was more appropriate than penalizing a party for counsel's negligence, which would occur if the court dismissed the action under the rationale of Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); (2) the district court's standing order was valid under Fed.R.Civ.P. 83 as a rule not inconsistent with the Federal Rules; and (3) the district court has the inherent power to impose appropriate and reasonable sanctions upon those admitted to its bar. Id. at 734-36. For the reasons stated by Judge Biggs, we decline to follow Gamble and uphold the authority of the district court to impose a monetary sanction for violation of local rules under C.D.Cal. Local Rule 28.
 
 
 18
 The Supreme Court recently cited Judge Biggs's dissenting opinion with approval in Roadway Express, Inc. v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), where it reaffirmed the inherent power of the district courts to levy sanctions. Id. at 765, 766 & n. 12, 100 S.Ct. at 2464 & n. 12.[9] Our holding is also supported by the Ninth Circuit rule that, before dismissing a case under Fed.R.Civ.P. 41(b) for failure to comply with an order of the court, the district court should consider less severe sanctions. Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir.1981). We have previously suggested that the court may wish to consider disciplinary proceedings against the noncomplying attorneys as a penalty less severe than dismissal. Raiford, 640 F.2d at 945 n. 1.[10] We believe that imposing a monetary penalty on counsel is an appropriate sanction considerably less severe than holding counsel in contempt, referring the incident to the client or bar association, or dismissing the case. If we were to foreclose the district court from imposing this relatively mild penalty for violation of the local rules, district courts would be forced to resort to more severe sanctions. See, e.g., Chism v. National Heritage Life Insurance Co., 637 F.2d 1328, 1331-32 (9th Cir.1981) (affirming dismissal of case with prejudice for plaintiff's continual failure to comply with discovery rules, pretrial conference obligations, and local rules of court); C. Renfrew, Discovery Sanctions: A Judicial Perspective, 67 Calif.L.Rev. 264, 278 & n. 54 (1979). We also believe it is appropriate that sanctions such as these are directed at the lawyers responsible, rather than the litigants. See Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 889 & n. 11 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); R. Rodes, K. Ripple, & C. Mooney, Sanctions Imposable for Violations of the Federal Rules of Civil Procedure, 70-73 (Federal Judicial Center 1981).
 
 
 19
 Local Rule 28 is not inconsistent with any federal law or the Federal Rules of Civil Procedure and therefore not invalid under 28 U.S.C. Sec. 2071 and Fed.R.Civ.P. 83. See Transamerica Corp. v. Transamerica Bancgrowth Corp., 627 F.2d 963, 965-66 (9th Cir.1980). Moreover, C.D.Cal.R. 28 does not change any party's substantive rights or alter the court's jurisdiction in violation of Fed.R.Civ.P. 82 or 28 U.S.C. Sec. 2072.
 
 
 20
 Local Rule 28 authorizes "appropriate discipline" for failure to conform with local rules, including "the imposition of costs and such attorney's fees to opposing counsel as the court may deem proper under the circumstances." District courts have broad discretion in interpreting and applying their local rules. Lance, Inc. v. Dewco Services, Inc., 422 F.2d 778, 783-84 (9th Cir.1970). Local Rule 28 does not limit "appropriate discipline" to the imposition of costs and attorney's fees. Considering the more severe sanctions that may be imposed, a penalty of $250 against counsel may well qualify as "appropriate discipline" under the rule.
 
 
 21
 The bar bears a special administrative responsibility in the judicial process independent from the public at large. We frequently refer to attorneys as officers of the court. A monetary sanction for failure to carry out this special responsibility as an attorney differs from the more severe infractions of criminal contempt for which attorneys and members of the general public can become liable. The former is an unjustified failure to carry out an administrative responsibility as an officer of the court; the latter is an affront to the authority of the judge. Because the term "fine" is generally associated in common parlance with criminal offenses we utilize the term "monetary sanction" to avoid this connotation. Numerous sanctions can be imposed against the parties and attorneys for violation of court rules. We see no reason to preclude the use of reasonable monetary sanctions against attorneys for violations of local rules when they are the offending parties. This may well be more appropriate on many occasions rather than penalizing the parties for the failures of their counsel.
 
 
 22
 We thus reject the Gamble holding that a district court is without authority to impose a monetary sanction against counsel absent a finding of contempt. Other circuits have also declined to follow this portion of Gamble. Martinez v. Thrifty Drug and Discount Co., 593 F.2d 992, 993-94 (10th Cir.1979); In re Sutter, 543 F.2d 1030, 1036-38 (2d Cir.1976); Flaksa v. Little River Marine Construction Co., 389 F.2d at 888 & n. 10; see generally Dove v. Codesco, 569 F.2d 807, 810 (4th Cir.1978); Richman v. General Motors Corp., 437 F.2d 196, 199 & n. 4 (1st Cir.1971).[11] We hold that the district court had authority to impose a sanction of $250 on counsel.
 
 III
 Procedural Protections
 
 23
 The attorneys also argue that the summary nature of the sanction was improper because they were denied notice, an opportunity to respond, and a hearing. We agree that sanctions should not be imposed without these procedural protections. See Gamble, 307 F.2d at 731 (monetary sanctions against lawyers without affording them procedural safeguards violates due process). Absent extraordinary circumstances, procedural due process requires notice and hearing before any governmental deprivation of a significant property interest. Boddie v. Connecticut, 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). One extraordinary circumstance is summary criminal contempt proceedings. We recently reiterated that summary contempt proceedings are unique to criminal procedure and are reserved for exceptional circumstances where "instant action is necessary to protect the judicial institution itself." In re Gustafson, 650 F.2d 1017, 1022 (9th Cir.1981) (en banc) (quoting Harris v. United States, 382 U.S. 162, 167, 86 S.Ct. 352, 355, 15 L.Ed.2d 240 (1965)). Otherwise, the procedural protections of Fed.R.Crim.P. 42(b), which include notice, an opportunity to respond, and a hearing, are required before a finding of contempt.
 
 
 24
 Other forms of sanctions may not be imposed without affording similar procedural protections. For example, a court may not summarily disbar an attorney without notice and hearing, even when the disbarment results from a charge of contempt for which the court gave the attorney notice, an opportunity to prepare, and a hearing. Ex parte Bardley, 74 U.S. (7 Wall.) 364, 372-74, 19 L.Ed. 214 (1868). Although the financial repercussions of disbarment may be considerably more severe than the imposition of a $250 sanction, the requirements of procedural due process apply to deprivations of property worth far less. See Fuentes v. Shevin, 407 U.S. 67, 88-90 & n. 21, 92 S.Ct. 1983, 1998-1999 & n. 21, 32 L.Ed.2d 556 (1972); Sniadach v. Family Finance Corp., 395 U.S. 337, 342, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969) (Harlan, J., concurring); see also Comment, Financial Penalties Imposed Directly Against Attorneys in Litigation Without Resort to the Contempt Power, 26 U.C.L.A.L.Rev. 855, 882-91 (1979). Recently, the Supreme Court cautioned that "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980).
 
 
 25
 This court, in an analogous circumstance, will not impose monetary penalties or take other disciplinary actions for an attorney's failure to comply with its orders until "after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested ...." Fed.R.App.P. 46(c); see United States v. Birtle, 521 F.2d 134 (9th Cir.1975), cert. denied, 426 U.S. 947, 96 S.Ct. 3165, 49 L.Ed.2d 1183 (1976). It is appropriate for the district courts to afford attorneys similar procedural protections before imposing monetary sanctions upon them.
 
 
 26
 There are, in fact, several compelling reasons why notice, an opportunity to prepare a defense, and a hearing are required before sanctioning counsel. These procedural requirements will ensure that: (1) the attorneys will have an opportunity to prepare a defense and to explain their questionable conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanction will appear in the record, facilitating appellate review. See Weiss v. Burr, 484 F.2d 973, 983-87 (9th Cir.1973), cert. denied, 414 U.S. 1161, 94 S.Ct. 924, 39 L.Ed.2d 115 (1974).[12]
 
 
 27
 In conclusion, we hold that the district court does not have the power to impose monetary sanctions against attorneys without affording them procedural due process as protective as that afforded by Fed.R.App.P. 46(c).[13] In this case, the district court did not provide the attorneys with an opportunity to show cause to the contrary before imposing the sanctions. We remand this case to the district court to give the attorneys an opportunity to request a hearing and show cause why the sanctions should not be imposed.[14]
 
 
 28
 REVERSED and REMANDED.
 
 
 29
 WALLACE, Circuit Judge, concurring in part and dissenting in part:
 
 
 30
 I concur in parts I and II of Judge Hug's opinion and his conclusion in part III that the due process clause requires that the lawyers be given notice and a hearing. I dissent, however, from the decision to remand the case to the district court. I believe that the two attorneys were given sufficient notice of and a sufficient opportunity to answer the charges made against them.
 
 
 31
 Once it has been determined that due process applies, the question that remains is what process is due. Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Although the due process clause has given rise to a number of interpretations, at a minimum it requires notice and an "opportunity for hearing appropriate to the nature of the case." Goss v. Lopez, 419 U.S. 565, 579, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1975), quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). In this case, the two attorneys clearly had sufficient notice that they had violated the local rule. At the original conference, the district court rejected both attorneys' pretrial documents because they did not conform to the local rules. The most glaring errors involved the proposed exhibits, which the lawyers had combined in compound exhibits, rather than specifically identifying each separate exhibit. The district judge reviewed several of the defective documents and explained to counsel why they were not in compliance with the local rule. He warned that if they failed to comply with the rule on resubmission, they would be fined. At the second conference, counsel had failed to remedy their earlier mistakes.[1] During a dialogue with the judge, counsel had an opportunity to but offered no explanation for their behavior and the judge imposed the fine. The lawyers were given sufficient notice by the judge's prior warning. Thus, the only question is whether they were given an adequate opportunity to explain their failure to comply.
 
 
 32
 In cases determining due process requirements in administrative actions, the Supreme Court has stated that "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. at 481, 92 S.Ct. at 2600; accord Goss v. Lopez, 419 U.S. at 579, 95 S.Ct. at 738. Although the requirements of procedural due process apply to deprivation of even small amounts of property, the severity of the deprivation is a factor to be weighed in determining the appropriate form of the hearing. Goss v. Lopez, 419 U.S. at 576, 582, 95 S.Ct. at 737, 740 (in school suspension cases notice could be simultaneous with the hearing and the hearing could consist of merely an informal discussion minutes after the misconduct occurred); Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). In Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court listed three factors to be considered in deciding how much process is due in a given case: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of the private interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the nature of the government function and the fiscal and administrative burdens that additional or substitute procedural requirements would entail. Id. at 335, 96 S.Ct. at 903.
 
 
 33
 The same factors should apply in considering what process is due in a judicial setting. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 n. 14, 100 S.Ct. 2455, 2464 n. 14, 65 L.Ed.2d 488 (1980) (the due process concern varies depending on the penalty imposed on the party or lawyer). For example, in non-summary contempt cases, which require notice and hearing under Federal Rule of Criminal Procedure 42(b), we have stated that a "reasonable" time to prepare a defense varies according to the circumstances of each case. United States v. Powers, 629 F.2d 619, 625 (9th Cir.1980); United States v. Alter, 482 F.2d 1016, 1023 (9th Cir.1973). In In re Allis, 531 F.2d 1391 (9th Cir.), cert. denied, 429 U.S. 900, 97 S.Ct. 267, 50 L.Ed.2d 185 (1976), we held that ten minutes was sufficient time to prepare a defense. In that case Allis, a lawyer, arrived twenty minutes late for a hearing; he had also been late on several previous occasions. After the ten minutes allowed by the court to prepare a statement in response to a possible contempt order and to consult with a lawyer, Allis admitted that he had no excuse for his tardiness. He was then found in contempt and fined $100. 531 F.2d at 1393-95. We upheld the fine because, under the circumstances, Allis was given sufficient time to explain his behavior. See also United States v. Hawkins, 501 F.2d 1029, 1031 (9th Cir.), cert. denied, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974) (one day sufficient to prepare a defense to contempt charge).
 
 
 34
 Due process does not require the judge in this case to give the lawyers any more notice or hearing than they received. First, the deprivation was relatively slight. The fine was for only $250, and the judge refrained from using the more severe sanction of contempt. Second, more procedural protections would not have improved the accuracy of the judge's decision. The only evidence to be considered were the documents themselves. The judge had sufficient time to examine the documents and determine that they were not in compliance with the local rule. The lawyers' only possible defense would be to explain why they had not complied. They were given an opportunity to explain at both pretrial conferences. The record does not reveal any possible explanation for their behavior. Furthermore, the lawyers did not ask for additional time to prepare a defense. See In re Allis, 531 F.2d at 1393. Indeed, given the violation of the judge's specific admonition, it is unclear what defense could be offered.[2]
 
 
 35
 Finally, the government interest is very important given the burdens placed on our court system. As we stated previously, "here we are dealing with an attorney at law, an officer of the court. We are concerned with the efficient administration of the court's business, which is a responsibility of the attorney as well as of the judge." In re Allis, 531 F.2d at 1393. The very reason for the fine was the attorneys' irresponsible behavior which impeded the efficient administration of the court's business. It would be ironic if these same lawyers were given multiple chances to defend themselves against the charges, and thus increase the burden on the court even further.
 
 
 36
 In conclusion, I think it sufficient that the lawyers were warned that they would be sanctioned and that they were given two chances to explain why they had not complied with the local rules. They also had the opportunity for judicial review of the judge's action on appeal. To go beyond this, and require even greater procedural protection, will only tie the hands of district court judges and impede them in their efforts to ensure the efficient administration of justice. I respectfully dissent from that part of Judge Hug's opinion which remands the case for further proceedings.
 
 
 37
 ALARCON, Circuit Judge, concurring in part and dissenting in part.
 
 
 38
 I concur in Part I and Part III of Judge Hug's opinion. I agree with Judge Hug's conclusion that the appeal was timely filed and that the imposition of a fine of two hundred and fifty dollars on each attorney without adequate notice, an opportunity to prepare a defense, and a hearing violated due process.
 
 
 39
 I dissent from Part II of the opinion insofar as it holds that the district court has the authority to fine counsel under the local rules of the Central District of California. It is my view that the local rules do not authorize the imposition of a fine on an attorney for failure to comply with the rules concerning pretrial preparation. I also respectfully dissent from that portion of Judge Hug's opinion which would remand this matter for further proceedings.
 
 
 40
 Judge Wallace has concurred in that portion of Judge Hug's opinion which declares that the local rules gave the district court authority to impose a fine and that procedural due process requires that lawyers subjected to such a sanction be given notice and a hearing. Judge Wallace has dissented, however, from Judge Hug's conclusion that this matter should be remanded. Judge Wallace is of the view that no violation of due process occurred.I.
 
 
 41
 Judge Hug tells us with some hesitation that "[t]he district court apparently relied upon the local rules of the Central District of California as authority for levying the $250 sanctions for failure to comply with C.D.Cal.R. 9." (Majority Opinion p. 519). I read the record differently. Assuming that the facts would permit us to conclude the district court relied on the local rules, the rules do not support the imposition of a fine.
 
 II.
 
 42
 We need not speculate as to what the district court relied upon as the authority for the fine he imposed.
 
 
 43
 On November 20, 1980, the district court, in denying counsel's request to remit the fines, stated as follows:
 
 
 44
 Where, as here, both counsel are at fault and the remedy of sanctions against one party in favor of the other is unavailable, it is our view that the court's inherent power to enforce its rules, orders and procedures and to impose appropriate sanctions for failure to comply may be invoked, that the sanctions here imposed were reasonable and appropriate and that contempt proceedings were unnecessary. (emphasis added).
 
 
 45
 These thoughtful remarks reveal two concerns of the district court.
 
 
 46
 Local rules imposing sanctions against an attorney for dilatory tactics are ordinarily invoked by the opposing party. In fact, Local Rule 28 of the Central District of California specifies that violation of the local rules directed at timely preparation for trial shall result in "the imposition of costs and such attorney's fees to opposing counsel, as the Court may deem proper under the circumstances." (emphasis added). Thus, the district court's comments candidly acknowledged that the rules did not cover the problem which is presented when it appears that both counsel have disregarded local rules which compel diligence in meeting pretrial conference requirements. The district court's statements also revealed its awareness that it was not applying the same procedures which attach to contempt proceedings.
 
 
 47
 To the extent that the district judge acted as he expressly tells us he did, i.e., by virtue of his inherent powers, the fines must be set aside because he failed to make a finding of bad faith. In fact, the district court stated that proof of good faith would not bar the imposition of a fine. The law is to the contrary.
 
 
 48
 In Roadway Express Inc. v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), the Supreme Court stated:
 
 
 49
 Similarly, the trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers. Id. at 767, 100 S.Ct. at 2464. (emphasis added).
 
 
 50
 Thus, if the order is based on the court's inherent powers, as we are expressly and unequivocally informed by the trial judge, we must reverse because of the absence of a finding of bad faith.
 
 III.
 
 51
 Assuming for purposes of discussion that we can somehow ignore the fact that the district judge relied upon what he perceived to be his inherent powers, notwithstanding the record before us, imposition of a fine is not authorized under the local rules of the Central District of California. Judge Hug tells us that the district court relied on Local Rule 28.
 
 
 52
 The imposition of a fine is penal in nature. A rule authorizing the imposition of a fine being penal in nature, must be subjected to strict construction. See United States v. Ross, 535 F.2d 346, 350 (6th Cir.1976) ("Because Sec. 1927 is penal in nature, we believe that it should be strictly construed, and we agree with the Seventh Circuit's determination that 'costs' should be limited to taxable costs."); Lockett v. Hellenic Sea Transports, Ltd., 60 F.R.D. 469, 471 (E.D.Pa.1973). ("The Court is aware that Sections 1920 and 1923, relating to taxable costs, are in derogation of the common law and in a sense penal in character, and therefore must be strictly construed, and the items to be taxed must be within the express language of the section in question.")
 
 
 53
 Similarly, no person can be subjected to a penal sanction unless the statute or rule warns in clear and unambiguous terms that punishment will be imposed if he or she engages in prohibited conduct. See McBoyle v. United States, 283 U.S. 25, 51 S.Ct. 340, 75 L.Ed. 816 (1931) (fair warning should be given to world of what the law intends to do if a certain line is passed; to make the warning fair, so far as possible the law should be clear).
 
 
 54
 In Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972), the Supreme Court stated the rule as follows: "Living under a rule of law entails various suppositions, one of which is that "[all persons] are entitled to be informed as to what the State commands or forbids." 405 U.S. at 162, 92 S.Ct. at 843.
 
 
 55
 C.D.Cal.R. 28 does not give fair warning to an attorney that a violation of the local rules will subject him to a fine. Rather, Rule 28 refers to "appropriate discipline including the imposition of costs and such attorneys fees to opposing counsel, as the Court may deem proper under the circumstances." The district court did not purport to impose compensatory costs or attorneys fees in the matter before us.
 
 
 56
 As applied by Judge Hug, Rule 28 violates due process of the law. The facts presented as for review are completely distinguishable from those before the court in Gamble v. Pope & Talbot, Inc., 307 F.2d 729 (3rd Cir.), cert. denied, sub. nom., U.S. Dist. Ct. for E.D. Pa. v. Mahoney, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123 (1962). There, the district court's standing order provided for the imposition of fines against an attorney for failure to prepare for pretrial conferences. Judge Bigg in his dissent in Gamble concluded that a standing rule expressly authorizing the imposition of a fine is valid in spite of the fact that it does require a finding of contempt. Rule 28, however, does not expressly authorize the imposition of a fine. Thus, Judge Bigg's dissenting views in Gamble are of little assistance in deciding the power of a district Judge to impose a fine under a local rule which simply does not mention the impositions of fines against a lawyer.
 
 
 57
 Judge Hug would apparently read into the words "appropriate discipline" the power to impose a fine of $250 for counsel's negligence in preparing for trial. This generous interpretation strays far afield from the inherent power of the court to impose sanctions for bad faith conduct after notice and hearing as required by the due process clause.
 
 
 58
 On page 521 of his opinion, Judge Hug states that we should "reject the Gamble holding that a district court is without authority to impose a monetary sanction against counsel absent a finding of contempt." (Emphasis added). The Gamble majority, however, did not hold that a monetary sanction could not be imposed, but rather concluded that a fine could not be imposed absent a finding of contempt. After substituting the term monetary sanction for the word fine, Judge Hug then states that other circuits have also declined to follow "this portion of Gamble." The cases cited by Judge Hug do not deal with fines against counsel in the absence of a finding of contempt. A careful reading of the cases cited will reveal that in some of the decisions it was held that costs imposed pursuant to local rules were upheld and in the balance the trial court was directed to impose a sanction other than dismissal pursuant to its inherent powers. See, e.g., Martinez v. Thrifty Drug and Discount Co., 593 F.2d 992, 993 (10th Cir.1979) ("The only question presented in this appeal is that of the validity of a district court rule promulgated, ... to impose jury costs against the parties and their counsel in an instance where there has been a failure to notify the clerk ... [when] there is no necessity for [jurors] to attend court"); In re Sutter, 543 F.2d 1030 (2d Cir.1976) (local rule providing for imposition of reasonable costs directly against any attorney whose action obstructed efficient administration of the courts could not be read to require a finding of willful intent and would reach recklessness but not an error in judgment or inadvertent action); Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 888 & n. 10 (5th Cir.1968) (inherent power includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it; reversed and directed trial court to impose lesser sanctions than dismissal); Dove v. Codesco, 569 F.2d 807 (4th Cir.1978) (appellate court reversed sanction of dismissal for attorney's failure to follow local rule and imposed lesser sanction of costs because conduct not intentional or in bad faith); Richman v. General Motors Corp., 437 F.2d 196, 199 & n. 4 (1st Cir.1971) (appellate court reversed dismissal for want of prosecution and stated trial court could impose reasonable sanctions on plaintiff or attorney).
 
 
 59
 Costs are primarily compensatory in nature and capable of being measured while the fine imposed in the instant case is primarily penal in nature and not defined or limited by any standard set forth in Rule 28. To hold that "appropriate discipline" includes the power to fine is, in my view, tantamount to leaving the bounds of judicial discretion unrestrained and unreviewable. When a district court invokes its inherent powers, judicial discretion in imposing sanctions is constrained by the requirement of proof of bad faith. It is my view that Judge Hug's construction of Rule 28 is not consistent with the principles of substantive due process. I would reverse the order imposing the fines.
 
 
 60
 My position on the issues presented by this appeal can be summarized as follows: The district court lacked authority to impose a fine under its local rules because of substantive due process deficiencies. Therefore, I would not remand for a new hearing.
 
 
 61
 If the district court had the authority to impose a fine, in spite of the absence of any due process warning in the local rules that such punishment may be imposed for a violation of pretrial orders, I share Judge Hug's view that the challenged order cannot withstand constitutional scrutiny because appellant's procedural due process rights were also violated.
 
 
 
 [1]
 The Local Rules of the Central District of California provide:
 A. Statement of Case. The Memorandum shall contain a brief but full exposition of counsel's theory of the case and a statement in narrative form of what the party expects to prove.
 C.D.Cal.R. 9.7.1.
 
 
 [2]
 C.D.Cal.R. 9.6.4 provides:
 Exchange of Exhibits. If not previously exchanged, the parties shall exchange all exhibits to be used at trial other than those contemplated to be used for impeachment. EXHIBITS SHALL BE MARKED IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN LOCAL RULE 8.
 C.D.Cal.R. 8.6 provides:
 Separate Number for Each Exhibit. Any version of an exhibit which is not an exact duplicate shall be marked and treated as a different exhibit bearing a different exhibit number.
 
 
 [3]
 C.D.Cal.R. 9.6.6 provides:
 Expert Witnesses. If expert witnesses are to be called at trial, the parties shall exchange short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial. If reports of experts to be called at trial have been prepared, they shall be exchanged but shall not substitute for the narrative statement required.
 
 
 [4]
 C.D.Cal.R. 9.6.7 provides:
 Evidentiary Matters. The parties shall attempt to resolve any objections to the admission of oral and documentary evidence.
 C.D.Cal.R. 9.10.2 provides:
 Form. The Pre-Trial Conference Order shall be substantially in the form shown in Pre-Trial Form 1 set forth in the Appendix hereto.
 ....
 
 
 [10]
 Exhibit lists of the parties are filed herewith under separate cover. Exhibit Nos. ____ may be admitted without objection. Plaintiff objects to Exhibit Nos. ____. Defendant objects to Exhibit Nos. ____. The objections are separately stated and attached hereto
 
 
 [5]
 We need not decide whether the order assessing sanctions is an appealable interlocutory order. The order in this case is not interlocutory because the underlying action was dismissed according to stipulation before the first notice of appeal was filed
 
 
 [6]
 If the district court had had jurisdiction to consider the lawyers' motion to remit, we would not have had jurisdiction to consider the court's order denying the motion because the second notice of appeal was filed more than 30 days after the order denying the motion to remit penalties and was therefore untimely. See Fed.R.App.P. 4(a)
 
 
 [7]
 C.D.Cal.R. 28 provides:
 (a) The violation of or failure to conform to any of these local rules shall subject the offending party and his attorney, at the discretion of the court, to appropriate discipline including the imposition of costs and such attorney's fees to opposing counsel as the court may deem proper under the circumstances.
 (b) Failure of counsel for any party to appear before the court at pre-trial conference or to complete the necessary preparations therefor or to be prepared for trial on the date set may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or on the entire case.
 (Emphasis added.)
 
 
 [8]
 It is apparent that the district court was imposing these sanctions for a violation of a specific local district court rule, Local Rule 9. We view the district court's reference to its inherent powers to enforce its rules as a justification for the existence of Local Rule 28, providing for sanctions for failure to abide by the local rules. In the context of the district court's statement, it would seem apparent that in imposing these sanctions for violation of Local Rule 9, the district judge relied upon the authority of Local Rule 28 to which Local Rule 9 specifically referred
 
 
 [9]
 We have recently reiterated that the district courts' inherent powers include the power to assess attorney's fees directly against counsel who conduct litigation in bad faith. Barnd v. City of Tacoma, 664 F.2d 1339, 1342 (9th Cir.1982)
 
 
 [10]
 The District of Columbia Circuit has suggested the following alternatives to dismissal: (1) the court may condition dismissal on counsel paying opponent's costs and fees where the client is not responsible; (2) under 28 U.S.C. Sec. 1927, the court may assess costs against counsel of an aborted pretrial conference and of appeal; (3) the court may use its disciplinary authority and contempt powers; (4) the court can communicate the lawyer's action to the client or the bar association; and (5) the court may reprimand the lawyer, hold the lawyer in contempt, or prohibit the lawyer from practicing before the court for a limited time. Jackson v. Washington Monthly Co., 569 F.2d 119, 123 n. 24 (D.C.Cir.1977)
 
 
 [11]
 Commentators have also criticized this portion of the Gamble holding. See, e.g., Comment, Financial Penalties Imposed Directly Against Attorneys in Litigation Without Resort to the Contempt Power, 26 UCLA L.Rev. 855, 876-78 (1979); Comment, Dismissal for Failure to Attend a Pretrial Conference and the Use of Sanctions at Preparatory Stages of Litigation, 72 Yale L.J. 819, 830 (1963); Note, Power of Federal Courts to Discipline Attorneys for Delay in Pre-Trial Procedure, 38 Notre Dame Law. 158, 161-66 (1963)
 
 
 [12]
 In his concurring and dissenting opinion, Judge Wallace contends that adequate notice and opportunity to be heard was afforded in the context of the discussion the court had with the attorneys at the pretrial conference concerning the deficiencies in their compliance with the provisions of Local Rule 9. It is important, in my view, that before sanctions are imposed there be a separate hearing addressed to the particular issue of the imposition of sanctions, with notice of the rule violation charged, and an opportunity for the attorneys to respond
 In this case, the court, at the pretrial hearing, enumerated the deficiencies it found in compliance with Local Rule 9. However, no real opportunity was afforded the attorneys to respond with any arguments they may have had that they had complied with Local Rule 9, or to give other reasons why sanctions should not be imposed. The court had indeed warned the attorneys at the prior pretrial hearing that if they failed to comply with the local rules monetary sanctions would be imposed. However, in the later pretrial hearing, after the court enumerated the deficiencies it found, the court did not give the attorneys an opportunity to respond but merely stated:
 Counsel, by reason of your failure to comply with the plainly-stated provisions of Local Rule 9, and to make any discernible attempt to comply with our own suggestions at the last pretrial conference, we and our staff have once again been required to spend a number of wasted hours. As a sanction for your failure to comply with Local Rule 9, the Federal Rules of Civil Procedure and this Court's order regarding the pretrial conference, you are each ordered to pay to the Treasurer of the United States $250 through the clerk of this court no later than May 16, 1980.
 This does not afford adequate due process.
 
 
 [13]
 Fed.R.App.P. 46(c) states:
 A court of appeals may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court.
 
 
 [14]
 Judge Wallace concurs with Parts I and II of this opinion, and Judge Alarcon concurs with Parts II and III of this opinion; therefore, a majority of the panel supports each portion of this opinion
 
 
 [1]
 The district judge found almost all the exhibits to be in violation of the local rule. A sample of the judge's dissatisfaction with just one of the exhibits is illustrated by the following passage:
 Exhibit 5 is described as "photographs of the area involved in the subject accident, including the tracks ... positioning of trains on the tracks ... aerial photographs of the ... train yard ...", et cetera, et cetera, obviously consisting of several photographs, which clearly are going to be introduced into evidence separately, probably at different times. It is equally clear that any evidentiary objections are going to be made photo by photo.
 We want them listed as separate exhibits as we told you before.
 
 
 [2]
 Based on their motion to remit penalties, the thrust of the lawyers' defense appears to be that similar behavior had been tolerated by other judges in the past and that they were acting in good faith. This is no defense; the lawyers were advised as to what was expected of them in this case