**Robert B. HOLLEY, Plaintiff,**

v.

**Louis O. GUIFFRIDA, et al., Defendants.**

**Civ. A. No. 85–3266.**

United States District Court, District of Columbia.

Sept. 18, 1986.

Melvin M. Burton, Jr., Washington, D.C., for plaintiff.

Joseph E. DiGenova, U.S. Atty., Royce C. Lamberth, Rebecca L. Ross, Asst. U.S. Attys., Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

Before this Court is defendants' Motion, pursuant to Fed.R.Civ.P. 11, for sanctions totalling $1,759.20 against plaintiff and his counsel. After thoroughly considering the Motion, plaintiff's Opposition thereto, the underlying law, and the entire record in this litigation, the Court will grant defendants' Motion.

Rule 11 of the Federal Rules of Civil Procedure states that an attorney's signature on a pleading certifies that, "to the best of his knowledge, information, and belief, formed after reasonable inquiry," the matter is well grounded in fact and warranted by law. If a pleading violates the Rule, the court is *required* to impose sanctions. *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174–75 (D.C.Cir.1985). The Court here finds that plaintiff's counsel failed to fulfill his Rule 11 duty and therefore must be held liable for sanctions.

█ In the instant suit, plaintiff sought $400 million in damages against past and present employees of FEMA, the EEOC, and the United States Attorney's Office in their individual capacities. Despite warnings at the first status call in this case that they risked a motion for sanctions, plaintiff and counsel persisted in this suit. On June 30, 1986, this Court found that plaintiff's claims arose out of the same nucleus of operative fact as those raised and rejected in an action plaintiff brought in 1983. *Holley v. Guiffrida,* No. 85–3266. As such, the doctrines of *res judicata* and collateral estoppel barred plaintiff's effort to reopen his unsuccessful litigation. *See, Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); *Page v. United States,* 729 F.2d 818, 820 (D.C.Cir.1984); Wright, Miller, and Cooper, *Federal Practice and Procedure:* Jurisdiction §§ 4407, n. 1, 4416.

Melvin M. Burton, Jr., plaintiff's counsel, was thoroughly familiar with the overlap. He represented plaintiff in the earlier action before Judge Pratt of this Court and at least signed, if not also prepared, the pleadings in this suit. As previously indicated, Mr. Burton was warned by the As-

sistant United States Attorney at the outset that the government would seek Rule 11 sanctions. Nonetheless, he pursued this action. Consequently, the Court must find that Mr. Burton failed his Rule 11 duty to make reasonable inquiry as to the merit of the pleadings.

This finding is buttressed by the remedy that plaintiff sought in this suit. Even if plaintiff's claims had not been precluded, his damages, if any, bore no relation to the $400 million for which he prayed. Indeed, the confluence of barred claims and this outlandish prayer for damages forces this Court to conclude that plaintiff's suit was designed only to harass defendants.

█ Under Rule 11, the Court may impose sanctions on client as well as attorney. *See,* Advisory Committee on Rules, Notes, *Fed.Civ.Jud.Pro. and Rules,* 34 (*citing Browning Debenture Holders Committee v. DASA Corp.,* 560 F.2d 1078 (2d Cir. 1977)). The Court finds that sanctions against plaintiff are warranted here. The Court has witnessed the plaintiff's active participation in this lawsuit and the close and frequent consultations between client and counsel. The plaintiff did not heed opposing counsel's warnings about Rule 11 sanctions but proceeded with the case. Rather than a passive victim of counsel's bad judgment, as is often the case when Rule 11 sanctions are imposed, this plaintiff obviously crafted and fully participated in the litigation strategy of this and the prior case.

Rule 11 allows the Court to mandate payment of reasonable attorney's fees when sanctions are justified. Of the sanctions available to the Court, attorney's fees would most appropriately be imposed in this case. Defendants have moved for payment of $1759.20 in counsel fees, a sum that the Court finds well within the bounds of reason. The Court also finds that the interests of justice require plaintiff and his counsel to share the sanction equally.

█ Neither plaintiff nor his counsel has raised any procedural objections to this Motion. They have neither contested the rea-

sonableness of the amount of the sanctions sought nor asked for a hearing at which to contest this Motion. *See Miranda v. Southern Pacific Transportation Corp.,* 710 F.2d 516, 522 (9th Cir.1983) (failure to request hearing on sanctions waives any due process right to hearing); Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 197–99 (hearing not a due process requirement when respondent notified that Rule 11 sanctions would be sought). Because the Court finds that the sanctions sought are reasonable and that plaintiff and his counsel have waived any right to a hearing they may have, the Court will grant defendants' motion by Order of even date herewith.