804 F.2d 1251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas A. WEBB, Plaintiff-Appellant,
v.
Allyn R. SIELAFF, Director, David A. Garraghty, Warden,
Defendants-Appellees.
 No. 86-7166.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 25, 1986.
Decided Nov. 12, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia at Richmond. Richard L. Williams, District Judge. (CA-85-0719-R)
 Douglas A. Webb, appellant pro se.
 E.D.Va.
 DISMISSED.
 Before HALL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Douglas Webb, a Virginia inmate, appeals from an order of the district court denying leave to proceed in forma pauperis. We dismiss the appeal.
 
 
 2
 The district court conditionally filed Webb's 42 U.S.C. Sec. 1983 action with the proviso that it could be dismissed if Webb failed to establish his entitlement to proceed in forma pauperis. On November 6, 1985, Webb was assessed a partial filing fee of $46.03 based on the deposits in his prison account over the previous six months. Such an assessment is proper under Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 451 U.S. 1153 (1982). Webb submitted a check for $10 as a partial payment. The court's order directing the clerk to return this check to Webb explained that the court could not accept anything other than the required payment in one lump sum. The court subsequently granted Webb thirty days in which to pay. Webb did not pay within that time. On March 4, 1986, Webb's motion for leave to proceed in forma pauperis was denied and his action was dismissed without prejudice.
 
 
 3
 Webb asked the court to reconsider, and was given another ten days in which to pay. Within this ten day period, the court received a money order for $48 from a member of Webb's family. The court's order directed the clerk to return the money order to the sender and advised Webb that he must pay the exact amount of the fee--$46.03. Webb was again given a ten day period in which to submit the correct fee, which he did not do. After a month had passed, the court denied Webb's motion for reconsideration. Webb appeals.
 
 
 4
 A district court has broad discretion in interpreting and applying the local rules which govern the conduct of its business. Miranda v. Southern Pacific Transportation Co., 710 F.2d 516 (9th Cir.1983); Hawes v. Club Ecuestre El Comandante, 535 F.2d 140 (1st Cir.1976). The court thus has the power to specify the manner in which it will receive the payment of fees. In this case, the court afforded Webb ample opportunity to pay the assessed filing fee. Webb was given numerous extensions of time, but never submitted to the court the amount requested.
 
 
 5
 In these circumstances, the district court properly denied leave to proceed in forma pauperis. Accordingly, we deny leave to proceed in forma pauperis on appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 DISMISSED.