110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert T. DONAHUE; Patricia Donahue, Plaintiffs-Appellants,
v.
MATRIX FINANCIAL SERVICES CORPORATION; Michael Bosco,
Trustee; Bosco & DiMatteo, a professional
corporation organized and existing under
the laws of Arizona,
Defendants-Appellees.
 No. 96-15772.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1997.
Decided March 18, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert and Patricia Donahue owed Matrix Financial Services Corporation ("Matrix") $25,000 by the terms of a promissory note. The Donahues attempted to tender to Matrix the full amount due in cash, but Matrix refused, citing a company policy against accepting cash. Upset by Matrix's refusal to accept their cash tender, the Donahues filed a lawsuit under the Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO), 18 U.S.C. § 1961 et seq., against Matrix asking for $300,000 in damages. The district court dismissed the RICO claim and awarded attorneys' fees and costs pursuant to the promissory note and deed of trust. In a prior appeal, we affirmed both the dismissal and the award of attorneys' fees with an unpublished memorandum disposition.
 
 
 3
 While the previous appeal was pending the district court fixed attorneys' fees at $40,169.50 and costs at $2,781.27. In addition to finding the Donahues liable under the deed of trust and note, the district court also found the Donahues jointly and severally liable with their attorney in the same amount under Federal Rule of Civil Procedure 11. The Donahues now appeal the district court's order granting attorneys' fees and costs under the terms of a promissory note and deed of trust and also against them under Rule 11. We affirm.
 
 DISCUSSION
 I. Promissory Note and Deed of Trust
 
 4
 In the prior appeal we affirmed the district court's order granting Matrix's request for attorneys' fees and costs under the terms of the promissory note and deed of trust. Donahue v. Matrix Financial Servs. Corp., Nos. 95-15025, 95-15926, at 7-8 (9th Cir.1996). In that memorandum disposition, we explained:
 
 
 5
 In the deed of trust securing the Donahues' promissory note, the Donahues' agreed that they would pay attorneys' fees in 'connection with (a) the defense of any claim affecting the secured property ... [and] (h) any proceeding or matter in which Trustee or Beneficiary may become involved which involves Trustor or Trustor's property.' This action comes within the terms of the agreement. The Donahues, the trustor, brought this action against Matrix, the beneficiary, and Michael A. Bosco, the trustee. In their prayer for relief, the Donahues requested that the district court permanently enjoin Matrix and Bosco from foreclosing the deed of trust and selling the real estate described therein.
 
 
 6
 Id.
 
 
 7
 The Donahues argue that we are not bound by the previous panel's decision. They argue that Matrix cannot recover on the promissory note because the state court found that they made a valid tender to Matrix to pay the note. See Matrix Financial Servs. Corp. v. Donahue, No. CV 95-08940 (Az.Super.Ct. Mar. 29, 1996). The Donahues argue that because they prevailed on their valid tender argument before the state court, that they must be considered prevailing parties for purposes of their RICO claim as well. As prevailing parties in the action, they argue they cannot be held liable for attorneys' fees under the note. We reject this argument.
 
 
 8
 "Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, No. 95-10401, slip op. at 1025 (9th Cir. Feb. 3, 1997) (citations omitted). In our previous decision, we considered precisely the same attorney's fees issue the Donahues ask us to consider today. As explained by Matrix, "the fact that they were successful before a different court, in a different lawsuit, on a different issue" is irrelevant to the cost incurred by Matrix in defending the frivolous RICO claim. We affirm the district court's award granting $40,169.50 in attorneys' fees and $2,781.27 in costs under the deed of trust and promissory note. We also grant Matrix's request for attorneys' fees and costs incurred in this appeal under the deed of trust and promissory note.
 
 II. Rule 11 sanctions
 
 9
 We review the district court's imposition of sanctions under Rule 11 for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 10
 The Donahues argue that the district court abused its discretion by imposing sanctions under Rule 11, which prohibits filing a complaint "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" Fed.R.Civ.P. 11(b)(1).[1] In this case, the Donahues owed Matrix $25,000, yet sued it for $300,000. In its order granting sanctions, the district court found "that there is no legitimate justification for claiming these extraordinary damages." The court further found that
 
 
 11
 [t]his creates a strong inference of improper purpose. This inference is corroborated by the actions taken by Plaintiffs and their attorney throughout these proceedings. Thus, the Court finds the Plaintiffs and their attorney brought this case for an improper purpose--to coerce an illegitimate settlement, to needlessly increase the cost of litigation, and to harass Defendants.
 
 
 12
 We agree that there was no legitimate justification for claiming these extraordinary damages. The district court, therefore, properly inferred that by claiming these extraordinary damages the Donahues filed their RICO claim for an improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365 (9th Cir.1990). Accordingly, the district court did not abuse its discretion by imposing sanctions under Rule 11.
 
 
 13
 The Donahue's argument that Matrix failed to comply with the "safe harbor" provision of Rule 11(c)(1)(A) is meritless. Matrix served its motion for sanctions on October 31, 1994. As required by the rule, Matrix waited to file the motion until December 9, 1994, which was more than 21 days after serving it. Matrix, thus complied with the safe harbor.
 
 
 14
 Finally, without the benefit of any relevant legal authority, the Donahues argue that the district court abused its discretion by denying their request for an evidentiary hearing. The Arizona state law cases cited are irrelevant to the procedures required by Rule 11. Two of the Ninth Circuit cases cited by the Donahues stand only for the proposition that the Donahues are entitled to notice prior to the imposition of sanctions. See Miranda v. Southern Pacific Transportation Co., 710 F.2d 516 (9th Cir.1983); Tom Growney Equipment, Inc. v. Shelley Irrigation Development, Inc., 834 F.2d 833 (9th Cir.1987). Of course, the Donahues were given fair notice in this case because Matrix complied with the safe harbor provision of Rule 11. The other federal authorities cited do not support the Donahues' argument that the district court was required to hold an evidentiary hearing.
 
 CONCLUSION
 
 15
 We affirm the district court's award of attorneys' fees and costs under the deed of trust and promissory note, and the district court's order imposing attorneys' fees against the Donahues under Rule 11. We also grant Matrix's request for attorneys' fees and costs incurred in this appeal and remand to the district court for a determination of an appropriate amount.
 
 
 16
 AFFIRMED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The Donahues also argue that as a represented party, they may not be sanctioned under Rule 11(b)(2). See Fed.R.Civ.P. 11(c)(2)(A). Because we find that the district court did not abuse its discretion by sanctioning the Donahues under Rule 11(b)(1), we do not reach this issue