640 F.2d 1046
 C. K. LIEW, Plaintiff,
Official Receiver & Liquidator (Hong Kong),
Intervenor-Plaintiff-Appellee,
Central Banking System et al., Defendants,
Moscow Narodny Bank, Counter-Defendant-Appellee,
v.
Quentin L. BREEN, Non-Party-Witness-Appellant.
 No. 79-4445.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 15, 1980.
Decided March 20, 1981.
 
 Carlos Bea, San Francisco, Cal., on briefs, for non-party-witness-appellant.
 Paul A. Dezurick, Graham & James, San Francisco, Cal., on briefs, for intervenor-plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, FLETCHER, and PREGERSON, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 Breen appeals from the award of attorney's fees and costs against him after he was found to be in contempt of court for failure to answer questions on oral deposition, as he was required to do under court order. Federal subject matter jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332 (1976). An order compelling a non-party such as Breen to pay attorney's fees and expenses is a final order reviewable under 28 U.S.C. § 1291 (1976). David v. Hooker, Ltd., 560 F.2d 412, 415 (9th Cir. 1977).
 
 
 2
 At some time prior to 1968, Breen, an attorney employed by Breen & Parks, Law Corporation, was approached by persons who were interested in financing meritorious litigation. The clients formed a Panamanian corporation, Edgar, Inc. (Edgar), as a vehicle to finance such litigation.
 
 
 3
 Amos Dawe retained Breen in mid-1978 to represent him with regard to legal difficulties Dawe was experiencing as a result of his involvement in an international scheme to finance and purchase several American banks. Dawe was indicted in United States district court on criminal charges of conspiracy, misapplication of bank funds, and aiding and abetting. The indictment was subsequently dismissed. Dawe was also named by appellees Moscow Narodny Bank and the Official Receiver (Hong Kong) as a defendant in the civil action that spawned this appeal.
 
 
 4
 Upon being informed that Dawe had potential cross-claims in the action, Edgar's principals offered to finance the litigation for Dawe in return for the assignment to Edgar of a 90% interest in any recovery. A deal was struck, with the further understanding that Breen would not reveal the identities of Edgar or of Edgar's officers, directors, or principals. Although Edgar's name was subsequently divulged to appellees by Dawe, the identities of Edgar's officers, directors, and principals remained confidential.
 
 
 5
 When appellees learned of Dawe's assignment to Edgar, they tried to discover the identities of Edgar's principals by taking the deposition of Daniel Parks as the representative of Breen & Parks, Law Corporation, pursuant to Federal Rule of Civil Procedure 30(b)(6). Parks refused to disclose who was funding the litigation, and appellees moved to compel answers. After hearing argument, the magistrate ruled that the financiers' identity was discoverable and ordered Breen & Parks to respond to the questions. On resumption of his deposition, Parks continued to refuse to divulge the requested information. Appellees again moved to compel answer, and the district court ordered Parks to appear before the magistrate and respond to the questions. At the hearing, the magistrate determined that Breen, not Parks, was the appropriate party to question about Dawe's assignees. The magistrate ordered Breen to appear before him and be deposed.
 
 
 6
 Breen appeared before the magistrate on May 17, 1979, but refused to answer the questions. The magistrate ordered Breen to show cause why he should not be held in contempt. The district court, after a hearing on the order to show cause, found Breen in contempt and ordered him to pay attorney's fees and costs totalling over $7,000.
 
 
 7
 On appeal, Breen contends that the court's discovery order was improper because the identities of his clients are irrelevant and are, in any event, protected by the attorney-client privilege. Breen argues further that even if the identities were discoverable and not privileged, he was "substantially justified," within the meaning of Federal Rule of Civil Procedure 37(b)(2), in believing to the contrary, and that therefore the award of fees and costs was improper. Finally, Breen argues that the amount of fees and costs assessed against him was excessive. We reject these contentions, except that we find the amount assessed against Breen excessive.
 
 
 8
 * WERE BREEN'S CLIENTS' IDENTITIES DISCOVERABLE?
 
 A. Relevance
 
 9
 The identities of Breen's clients are subject to discovery if such information is not privileged and is "relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). For discovery purposes "relevancy" is a broad term. 8 C. Wright and A. Miller, Federal Practice and Procedure § 2008, at 41 (1970). Evidence itself need not be admissible at trial, but only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b).
 
 
 10
 Breen contends that his clients' identities were in no way relevant to the litigation and therefore could not have led to admissible evidence. He challenges the magistrate's findings, which were confirmed by the district court, that the financiers' identities were relevant because (1) the financiers could have shared monies that Dawe is alleged to have secured wrongfully from the California banks he was attempting to purchase; (2) they may be co-conspirators and potential defendants; (3) they may have become necessary parties to the litigation by virtue of their interest in the outcome; (4) they may have a personal interest in any future full or partial acquisition of the California banks by Dawe; and (5) they may be witnesses to relevant transactions, or may be called as witnesses at trial.
 
 
 11
 Determinations of relevance in discovery matters are left to the trial court's discretion and will not be reversed absent abuse of discretion. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977); Ryan v. Hatfield, 578 F.2d 275, 276 (10th Cir. 1978). We find no abuse of discretion here. The identities of Breen's clients are not irrelevant as a matter of law, and the authority Breen cites does not establish any such broad proposition. Determinations of relevance for discovery purposes must be made on the facts of each case. In view of the complex facts, we cannot say that the requested information could not affect the case in at least some of the ways noted by the magistrate.
 
 B. Privilege
 
 12
 Breen argues that the identities of the officers, directors, and principals of Edgar are covered by the attorney-client privilege and are thus immune from discovery. Questions of privilege in diversity actions are controlled by the governing state law. Fed.R.Evid. 501. California's formulation of the attorney-client privilege is set forth in Cal.Evid.Code §§ 950-62 (West 1966).
 
 
 13
 One claiming an attorney-client privilege has the burden of showing that the requested information comes within the privilege. Department of Public Works v. Glen Arms Estate, Inc., 230 Cal.App.2d 841, 41 Cal.Rptr. 303 (1964). See also United States v. Hodge & Zweig, 548 F.2d 1347, 1354 (9th Cir. 1977); In re Fischel, 557 F.2d 209, 212 (9th Cir. 1977). Because invocation of the privilege may obstruct the search for truth, the privilege is strictly construed. Gonzales v. Municipal Court, 67 Cal.App.3d 111, 118, 136 Cal.Rptr. 475, 479 (1977).
 
 
 14
 As a general proposition, client identity and fee arrangements are not protected in California by the attorney-client privilege. Hays v. Wood, 25 Cal.3d 772, 603 P.2d 19, 160 Cal.Rptr. 102 (1979); Brunner v. Superior Court, 51 Cal.2d 616, 335 P.2d 484 (1959). See also 8 J. Wigmore, Evidence § 2313 (McNaughton rev. 1961). Both the California courts and the federal courts recognize, however, that such information may come within the ambit of the privilege when the client's name itself has an independent significance, such that disclosure would uncover client confidences. Hays v. Wood, 25 Cal.3d 772, 603 P.2d 19, 160 Cal.Rptr. 102 (1979); Ex parte McDonough, 170 Cal. 230, 149 P. 566 (1915); In re Grand Jury Proceedings, 600 F.2d 215, 218 (9th Cir. 1979); United States v. Hodge & Zweig, 548 F.2d 1347, 1353 (9th Cir. 1977); In re Michaelson, 511 F.2d 882, 888 (9th Cir.), cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975); Baird v. Koerner, 279 F.2d 623, 634-35 (9th Cir. 1960) (applying California law); United States v. Jeffers, 532 F.2d 1101, 1114-15 (7th Cir. 1976), aff'd in part and vacated in part, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); In re Grand Jury Proceedings, 517 F.2d 666, 670-71 (5th Cir. 1975); Tillotson v. Boughner, 350 F.2d 663, 665-66 (7th Cir. 1965); NLRB v. Harvey, 349 F.2d 900, 905 (4th Cir. 1965); Colton v. United States, 306 F.2d 633, 637 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963).
 
 
 15
 A clear-cut example of the exception is Baird v. Koerner, 279 F.2d 623, 634-35 (9th Cir. 1960), a case in which the IRS sought disclosure of the identity of a client on whose behalf the witness-attorney made an anonymous tax payment. In that circumstance, disclosure of the client's identity would have necessarily disclosed the client's communication to the attorney that the client thought he owed money to the government. See also Tillotson v. Boughner, 350 F.2d 663 (7th Cir. 1965).
 
 
 16
 Breen has failed to demonstrate how disclosure of his clients' identities could lead to the disclosure of any client confidences. The record indicates that Breen's clients did not approach him for legal advice and assistance, but rather with the aim of finding meritorious litigation to finance. Such business activities do not involve Breen's services as an attorney and thus do not arise out of the attorney-client relationship. In re Fischel, 557 F.2d 209 (9th Cir. 1977); Olender v. United States, 210 F.2d 795, 806 (9th Cir. 1954); 8 J. Wigmore, Evidence § 2296, at 566-67 (McNaughton rev. 1961).
 
 
 17
 Breen argues that his clients' identities are privileged because disclosure could expose them to criminal liability. See In re Grand Jury Proceedings, 517 F.2d 666 (5th Cir. 1975). He contends that there is an ongoing criminal investigation into the facts of this case and that his clients might be drawn into the investigation if linked with Dawe. On this record, Breen has not sustained the burden of demonstrating that such a result would follow from disclosure.
 
 II
 
 18
 WAS BREEN "SUBSTANTIALLY JUSTIFIED" IN REFUSING TO IDENTIFY
 
 
 19
 HIS CLIENTS?
 
 
 20
 Sanctions were imposed on Breen under Federal Rule of Civil Procedure 37(b) (2), which provides various sanctions for a party's failure to obey a court's discovery order, and further provides:
 
 
 21
 In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
 
 
 22
 Breen argues that his failure to comply with the court's order was "substantially justified" because he was disputing an issue over which reasonable persons could differ.
 
 
 23
 Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976); David v. Hooker, Ltd., 560 F.2d 412, 418-19 (9th Cir. 1977). The party against whom an award of expenses is sought has the burden of showing the special circumstances that make his failure to comply "substantially justified." David v. Hooker, Ltd., 560 F.2d at 419; Fed.R.Civ.P. 37(b)(2), 1970 Advisory Committee Notes.
 
 
 24
 Breen has failed to demonstrate either that special circumstances existed or that the trial court was manifestly incorrect in awarding expenses.
 
 
 25
 Although "wilfullness" need not be present in order to impose sanctions under Rule 37(b), David v. Hooker, Ltd., 560 F.2d at 419, a good faith dispute concerning a discovery question might, in the proper case, constitute "substantial justification." But the trial court has broad discretionary powers in this area, and the issues Breen raises are not subject to such doubtful resolution that imposition of sanctions was an abuse of discretion.
 
 III
 
 26
 WAS THE AWARD EXCESSIVE?
 
 
 27
 Breen argues that the award of attorney's fees was excessive in that it included fees traceable to efforts preceding his failure to obey the court order. Rule 37(b)(2) provides for the award of reasonable expenses and attorney's fees "caused by the failure" to obey a court order to provide or permit discovery. This provision must be distinguished from Rule 37(a), which provides for the award of expenses resulting from efforts to secure an order compelling discovery.
 
 
 28
 Breen was ordered to appear before the magistrate on May 17, 1979. Other than commanding Breen to appear, the court had done nothing that could be construed as the issuance of an order compelling him to disclose any particular information. At the May 17 hearing, the magistrate ordered Breen to answer the questions posed. When Breen refused, the magistrate issued an order to show cause why Breen should not be held in contempt. The hearing on the order to show cause was held before the district court on May 31, 1979.
 
 
 29
 Counsel for the appellees submitted affidavits itemizing attorney's fees. The fees included time traceable to preparation for and attendance at Breen's May 17 deposition, as well as time traceable to efforts to enforce the order at the May 31 hearing on the order to show cause.
 
 
 30
 We do not think that fees related to Breen's May 17 appearance before the magistrate were properly awarded. Under Rule 37(b)(2), attorney's fees may be awarded for failure to obey a court order. The attorney-time before and during the May 17 hearing in so far as it related to Breen was to obtain a court order, and was not attorney-time incurred on account of Breen's failure to obey an order.
 
 
 31
 Because the record fails to show a segregation of post-May 17 expenses from those incurred earlier, we remand to the district court with directions to conduct such additional fact-finding as may be required and to adjust the award of attorney's fees accordingly.
 
 
 32
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.