21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KROLL ASSOCIATES, Delaware corporation, Plaintiff-Appellee,
v.
CITY AND COUNTY OF HONOLULU; Russel W. Miyake; Frank F.
Fasi, Defendants-Appellants,
and
Kevin P.H. Sumida; Matsui, Chung & Sumida, Appellants.
 No. 93-16804.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
Memorandum Withdrawn and Appeal Dismissed
Feb. 27, 1995.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The City and County of Honolulu, Russell Miyake, Frank Fasi, and their lawyers appeal the district court's order of sanctions against attorney Kevin P.H. Sumida for repeated violations of the Rules of the United States District Court for the District of Hawaii. The district court ordered Sumida to perform 100 hours of law-related community service. An order of sanctions is an appealable interlocutory order. Liew v. Breen, 640 F.2d 1046 (9th Cir.1981). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 3
 On March 16, 1992 Kroll Associates, Inc. filed a complaint against the City and County of Honolulu, its Mayor, Frank F. Fasi, and its Finance Director, Russell Miyake.[1] Kroll Associates, Inc. v. The City and County of Honolulu, et al., CV No. 92-00150-DAE (D.Hawaii, Filed March 16, 1992). The complaint alleged that Kroll had a contract with the City for investigation services, that Kroll performed its obligations under the contract, and that defendants, without justification, refused to pay Kroll the amounts which remained due and owing. The complaint sought damages under seven causes of action totaling $678,380.36.
 
 
 4
 On March 2, 1993, the district court granted in part and denied in part each party's motion for summary judgement. As a result of that order, the court held defendants liable to Kroll in the principal amount of $678,380.36.
 
 
 5
 The court's order did not finally dispose of all claims, however, because subsequent to the filing of the cross-motions for summary judgement and prior to their resolution by the court, Kroll obtained leave from the court to file a First and later a Second Amended Complaint. Additional claims remain for Negligence, Punitive Damages, Trade Libel and Slander, and Interference with Freedom of Association as set forth in the Second Amended Complaint filed on February 5, 1993.
 
 
 6
 On May 28, 1993, defendants filed their Motion for Reconsideration of the Summary Judgement Order. Under the Local Rules for the District of Hawaii, motions for reconsideration of interlocutory orders must be filed within 10 days after entry of the order sought to be amended. Local Rule 220-10.[2] The defendants' motion was thus 77 days past the deadline for filing under the Local Rules.
 
 
 7
 On June 18, 1993, Defendants filed their reply memorandum in support of their motion for reconsideration. The reply brief's length exceeded the 15 page maximum required under the Local Rule. Local Rule 220-5.[3] In addition, Sumida filed an affidavit that was not based on personal knowledge. See Local Rule 220-6.[4] Finally, defendants filed a supplemental affidavit without the permission of the court. Id.
 
 
 8
 The district court found Sumida's conduct to be in "blatant disregard" of the Local Rules. The court noted that Sumida had already been warned by Magistrate Judge Barry Kurren that disregard of the Local Rules would not be tolerated after Sumida had filed a late opposition to plaintiff's earlier motion for leave to file an amended complaint. Moreover, Sumida was already fined $500.00 by the court for ignoring the Local Rules after Sumida filed a late opposition to plaintiff's motion for partial summary judgment and a late reply memorandum to defendant's motion for summary judgment.
 
 
 9
 On July 7, 1993, the district court accepted defendant's filings, denied Defendant's motion for reconsideration, but in the interests of justice modified in part its March 2, 1993 order.
 
 
 10
 On July 8, 1993, the District Court issued an Order to Show Cause as to why Sumida should not be sanctioned for his violation of Local Rules 220-10, 220-6, and 220-5. On August 2, 1993, the Court sanctioned Sumida for his violations of the Local Rules and ordered him to perform 100 hours of law-related community service to be completed within one year of the date of the order. The court found Sumida's behavior was not willful, but instead due to "zealousness and some negligence."
 
 II.
 
 11
 We review a district court award of sanctions for abuse of discretion. FTC v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir.1986). Under the abuse of discretion standard, a reviewing court cannot reverse unless it has a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992).
 
 
 12
 There are several limitations on the district court's authority to sanction attorneys for violations of the local rules. Zambrano v. Tustin, 885 F.2d 1473, 1478 (9th Cir.1989); Miranda v. Southern Pacific Transportation Co., 710 F.2d 516, 519 (9th Cir.1983). Where, as here, the court's power to sanction parties stems from statutory authority, the court's discretion is limited by a number of factors: 1) the sanctions must not conflict with the Federal Rules or with federal statutes; 2) there must be a close nexus between the conduct being sanctioned and the "need to preserve the integrity of the court docket;" 3) the penalty must be fair; and 4) each sanction levied must be "proportionate to the offense." Id. at 1480.
 
 Conflict with the Federal Rules
 
 13
 Although the district court found a number of violations of the local rules, the principal offense appears to be Sumida's violation of Local Rule 220-10 requiring that motions for reconsideration of interlocutory orders be served within 10 days of the filing of the court's written order. Sumida argues that Local Rule 220-10 is inconsistent with Rule 54(b) of the Federal Rules of Civil Procedure and therefore invalid under Rule 83 of the Federal Rules. Fed.R.Civ.P. 83. We disagree. Local Rule 220-10 need not be read to be inconsistent with any federal rule.
 
 
 14
 Rule 54(b) provides that an interlocutory order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b). Under the rule, courts may expressly choose to certify for appeal a judgement concerning some of the claims or some of the parties involved in a complex litigation. However, if the court does not expressly choose to do so, the rule provides that any orders resolving some of the claims or concerning some of the parties involved in the litigation are subject to revision and therefore not final appealable judgments. Cheng v. Commissioner IRS, 878 F.2d 306, 309 (9th Cir.1989).
 
 
 15
 Rule 54(b) does not provide litigants with an independent basis for challenging interlocutory orders. Motions to reconsider a summary judgment order may be brought under either Federal Rule of Civil Procedure Rule 59(e) or Rule 60(b). School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989).
 
 
 16
 The district court construed defendants' motion for reconsideration to be under Rule 60(b). Although the defendants did not specify which Federal Rule governed their motion, Rule 59(e) motions must be served within 10 days after entry of judgment and the district court has no discretion to consider late rule 59(e) motions. Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992).
 
 
 17
 Under Rule 60(b), motions for relief from final judgments must be served within a "reasonable time" after entry of judgment. Under Local Rule 220-10, motions for reconsideration of interlocutory orders must be served within 10 days of the entry of judgment where the challenge is based on manifest error of law or fact. The district court found Local Rule 220-10 to be a permissible construction of the "reasonable time" allotted for the service of motions to reconsider under Rule 60(b) in the narrow context of interlocutory orders challenged for manifest error of law or fact. We agree. Local Rule 220-10 is consistent with Rule 60(b). As a result, the sanctions imposed by the district court are also consistent with the Federal Rules and other statutes.
 
 
 18
 Necessity of the Sanctions to the Preservation of the Integrity of the Court's Docket.
 
 
 19
 Of the four violations of the local rules found by the district court, two are necessary for the district court to "carry out the conduct of its business." Zambrano, 885 F.2d at 140 ( quoting Frazier v. Heebe, 482 U.S. 641 (1987)). Sumida filed the motion for reconsideration 77 days after the deadline under the Local Rules. In addition, Sumida filed a supplemental affidavit without the court's permission. Both violations placed unexpected burdens on the court's resources.
 
 Fairness of the Sanction
 
 20
 In Zambrano, we held that the sanctions imposed by the district court must be consistent with the principles of "right and justice." Zambrano, 885 F.2d at 1480 ( quoting In re Ruffalo, 390 U.S. 544, 554 (1968) (White, J., concurring)). Sumida argues that the sanctions order was unfair because 1) He did not act in bad faith and was not grossly negligent; 2) He had a good faith belief that Local Rule 220-10 was invalid; and 3) The district court permitted counsel for plaintiffs to submit affidavits that were not based on personal knowledge but penalized him for the same conduct.
 
 
 21
 Sumida is correct in noting that the district court did not find that his violations of the Local Rules were due to bad faith or gross negligence. The court found Sumida to be negligent in his disregard of the rules. Ordinarily "mere negligence" is an insufficient ground for imposing sanctions on attorneys. However, "repeated--although unintentional--flouting of court rules" is sanctionable conduct. Zambrano, 885 F.2d at 1480. Where, as here, an attorney negligently violates the local rules after having been warned and sanctioned for prior negligent violations of the rules, additional sanctions are warranted. Miranda, 710 F.2d at 519.
 
 
 22
 Sumida's second argument, that he had a good faith belief that Rule 220-10 was inconsistent with Federal Rule 54(b) and therefore invalid, is similarly meritless. There is no question that Sumida's violations of the Local Rules were due to bad faith or willfulness. As stated above, repeated negligence is sanctionable.
 
 
 23
 Sumida finally argues that the sanctions are improper to the extent they are related to his filing an affidavit that did not reflect personal knowledge because plaintiffs were guilty of the same practice and were not sanctioned. The problem with Sumida's argument is that 1) the problems with his affidavit were not the principal grounds on which the district court based its decision to sanction him; and 2) Sumida's violations were sanctioned because of their relationship to other violations of the local rules, for which Sumida already received warnings and sanctions. As a result, the sanctions levied by the district court were not inconsistent with "principles of right and justice." Zambrano, 885 F.2d at 1480.
 
 Proportionality of the Sanction
 
 24
 Sanctions imposed must be "proportionate to the offense and commensurate with principles or restraint and dignity inherent in judicial power." Zambrano, 885 F.2d at 1480. In determining whether a sanction is proportionate to the misconduct it punishes, the court has a responsibility to consider imposing less drastic sanctions before it awards a monetary sanction. Id. Sumida argues that his sanctions should be treated as a monetary sanction because, 100 hours of his time are worth $15,000 at his billing rate and, as such, the sanctions are out of proportion with the harm done by his conduct.
 
 
 25
 Although 100 hours of community service is a stiff sanction, it is not so draconian as to be out of proportion with Sumida's infractions, given the fact that Sumida had already been warned and sanctioned in the course of the same litigation. Sumida's argument as to the monetary value of his work is inapposite. Under Rule 11 of the Federal Rules of Civil Procedure, community service is expressly considered a nonmonetary sanction. Fed.R.Civ.P. 11. The record reflects that the court sanctioned Sumida with great reluctance, and after considering all of the options chose community service as a less drastic alternative to monetary sanctions.
 
 
 26
 The district court did not abuse its discretion in sanctioning Sumida with 100 hours of community service.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Prosecuting Attorney Keith Kaneshiro and City Council member Arnold Morgado were subsequently dismissed without prejudice on June 4, 1992 and May 28, 1992, respectively
 
 
 [2]
 Local Rule 220-10 provides:
 Motions for Reconsideration
 Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
 (a) Discovery of new material facts no previously available;
 (b) Intervening change in law;
 (c) Manifest error of law or fact.
 Motions asserted under Subsection (c) of this rule must be filed within ten (10) days of the court's written order.
 
 
 [3]
 Local Rule 220-5 provides in relevant part:
 Length of Briefs and Memoranda
 ... Reply memoranda shall not exceed fifteen (15) pages in length.
 
 
 [4]
 Local Rule 220-6 provides:
 Affidavits and Declarations.
 Factual contentions made in support of or in opposition to any motion shall be supported by affidavits or declarations. Affidavits and declarations shall contain only facts, shall conform to the requirements of Rule 56(e) of the Federal Rules of Civil Procedure, and shall avoid conclusions and argument. Any statement made upon information or belief shall specify the basis therefor. Affidavits and declarations not in compliance with this rule may be disregarded by the court.
 In considering motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, judges have no obligation to search the record to determine whether there are genuine issues of material fact not cited or discussed by counsel for the parties.