TELLURIDE MANAGEMENT SOLUTIONS, INC.; Telluride Investment Partners I; Telluride Investment Partners II, Plaintiffs–Appellees,

v.

TELLURIDE INVESTMENT GROUP, Defendant,

John H. Steel; Robert D. Korn, Appellants.

No. 93–56161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 1995.

Decided May 19, 1995.

464

John H. Steel, Telluride, CO, for appellants.

William M. Hensley, Richard L. Fahrney and Vickie Lynn Bibro, Menke, Fahrney & Carroll, Costa Mesa, CA, for plaintiffs-appellees.

Before: BEEZER and NOONAN, Circuit Judges, and EZRA, District Judge.*

Opinion by Judge BEEZER; Partial Concurrence and Partial Dissent by Judge NOONAN.

BEEZER, Circuit Judge:

In the context of a dispute over the imposition of sanctions for discovery violations, we consider the question whether a party is substantially justified in failing to appear for a deposition when the complaint has been dismissed with leave to amend. We also address whether Federal Rule of Civil Procedure 37 authorizes sanctions for a motion for reconsideration of a sanction order.

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

John Steel and Robert Korn (collectively "Steel"), former attorneys of the defendants in the underlying suit, Telluride Investment Group and Thurston Beadle (collectively "Beadle"), appeal sanctions imposed for discovery rule violations. Steel contends that the imposition of sanctions for failure to appear at a deposition after the complaint had been dismissed was an abuse of discretion. He also challenges the additional sanction imposed for filing a motion for reconsideration of the award.

We find the action was still pending after the dismissal of the complaint and therefore conclude that the imposition of discovery sanctions for failure to appear at a deposition was not an abuse of discretion. Because we also conclude that Rule 37 provides no authority for sanctioning an attorney for bringing a motion for reconsideration of a sanction order, we affirm in part and reverse in part.

## I

Telluride Management Solutions, Inc., Telluride Investment Partners I, and Telluride Investments II (collectively "Telluride") brought the underlying action for violations of federal securities laws and various state law claims. This appeal developed out of the imposition of sanctions against Beadle, a principal of the corporate defendants, and his attorneys for discovery violations in the underlying action.

In January 1993, the magistrate judge ordered Beadle to appear for depositions on February 11 and 12, 1993 in Telluride, Colorado. When it became clear that the deposition would not be completed in the available time, the attorneys agreed to continue the deposition until March. Telluride filed a notice of deposition for Beadle and his wife to appear on March 1, 2 and 3 in Snowmass, Colorado. Prior to the scheduled March deposition date, on February 22, 1993, the district court granted the defendants' motion to dismiss for lack of subject matter jurisdic-

tion. The court concluded that the limited partnership had no standing to assert the securities violations because it was not a purchaser or seller. Rather, the individual limited partners needed to be named in the complaint. The court provided Telluride with 30 days leave to amend the complaint.

After the dismissal of the complaint, counsel exchanged a series of letters disputing whether Beadle was obligated to appear in light of the dismissal of the complaint. Telluride's counsel appeared in Colorado on March 1 to take Beadle's deposition. Neither Beadle nor his counsel were present. Telluride then moved to compel Beadle's deposition and for sanctions. Prior to the hearing on the motion for sanctions, but after the scheduled deposition, Telluride filed the first amended complaint. The magistrate judge granted the motion to compel and awarded sanctions against Beadle and his attorneys for their failure to appear. The magistrate judge also granted Telluride's request for sanctions for a subsequent motion for reconsideration of the sanction award. The district judge affirmed both of the magistrate judge's orders without opinion.

In the course of the discovery dispute, Beadle's attorneys sought, and received, permission to withdraw from the case as counsel. Their withdrawal was effective prior to the date of the first sanction hearing and order of the magistrate judge.

## II

An award for fees and costs pursuant to Rule 37 is reviewed for an abuse of discretion. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir.1994). An order compelling a nonparty to pay attorney's fees and costs is a final order reviewable under 28 U.S.C. § 1291. *Liew v. Breen*, 640 F.2d 1046, 1048 (9th Cir.1981).[1]

1. Where sanctions are imposed jointly on counsel and client, the sanction is usually not reviewable until a final judgment has been entered. *Kordich v. Marine Clerks Assoc.*, 715 F.2d 1392 (9th Cir.1983). However, because counsel's withdrawal was effective three days prior to the imposition of sanctions, Steel was neither a party

nor counsel at the time of the sanction award and therefore may appeal the order. *Id.* at 1393 n. 1 (concluding that withdrawal after the award of sanctions is "of no moment" because "the availability of an interlocutory appeal should be determined as of the date the challenged order is entered.").

**466**

## III

Rule 37 provides that expenses be awarded unless the court finds that the failure to appear for the deposition was "substantially justified." Fed.R.Civ.P. 37. The burden of establishing substantial justification is on the party being sanctioned. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir.1994). Rule 37 does not require the failure to appear be in bad faith for the imposition of sanctions.[2] *Id.*

Steel argues he was substantially justified in failing to appear at the deposition because of the dismissal of the complaint. Steel contends that after the dismissal of the complaint for lack of subject matter jurisdiction the action was dismissed and all discovery was abrogated. We turn our attention to the question of whether dismissal of a complaint is also a dismissal of the action.

### A

Although the precise question at issue has not been answered, for guidance we consider whether a dismissal of the complaint is a final appealable order in this circuit. Generally, for the purposes of appeal, dismissal of a complaint without dismissal of the action does not end the litigation. Dismissal of the complaint is not considered a final appealable order "unless circumstances make it clear that the court concluded that the action could not be saved by any amendment of the complaint." *Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984). *See also Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir.1987) ("Ordinarily an order dismissing the complaint rather than dismissing the action is not a final order and thus not appealable."); *California v. Harvier*, 700 F.2d 1217, 1218 (9th Cir.) (same), *cert. denied*, 464 U.S. 820, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983). With some limitations, the district court may allow amendment of the complaint to remedy defective allegations of jurisdiction. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 n. 3 (9th Cir.1988), *cert. denied*, 488 U.S. 1006, 109 S.Ct. 787, 102 L.Ed.2d 779 (1989); 28 U.S.C. § 1653. Amendment may not be allowed for defective jurisdiction itself, but amendment is allowed for defects in form. *Id.;* 28 U.S.C. § 1653. Where, in dismissing the complaint, the district court has specifically provided the plaintiff leave to amend, we will not consider the dismissal a final appealable order. *Gerritsen*, 819 F.2d at 1514.

We now conclude that if the dismissal of the complaint is not a final appealable order, the action must still be pending at the time of the dismissal. A dismissal of the complaint does not necessarily dismiss the action.

### B

Turning to the question of whether in this matter dismissal of the complaint for lack of subject matter jurisdiction served to dismiss the action, we conclude that it did not. The district court dismissed the complaint because the named plaintiffs had no standing to sue under the securities laws. The complaint was brought only on behalf of the limited partnerships. The omission of the names of the individual limited partners from the complaint appears to be a defect in form only; the jurisdictional basis of the complaint was still clear, and therefore amendment was proper. Because the district court granted the motion to dismiss with 30 days leave to amend, the action was still ongoing at the time scheduled for the deposition.

Because we conclude the action was still pending at the time scheduled for the deposition, we also conclude that the parties were still subject to the order compelling Beadle's appearance at the deposition. Steel was not substantially justified in failing to appear for the deposition. He was aware of the order compelling the deposition and that the com-

---

**2.** Steel urges that his actions must be willful to justify the sanction award. We have only applied a willfulness requirement in reviewing dismissal of the action as a sanction. *Hyde & Drath*, 24 F.3d at 1167; *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir.1993). We note, however, that all that is required to establish willfulness is "disobedient conduct not shown to be outside the control of the litigant." *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir.1985). Steel has failed to meet this burden.

plaint had been dismissed with leave to amend. The magistrate judge's conclusion, that absent a valid protective order Beadle and his counsel were required to appear at the deposition, is not an abuse of discretion.

### C

Steel also challenges the amount of the sanction award for failing to appear at the deposition. He contends that the inclusion of travel expenses was an abuse of discretion. Steel claims Telluride's counsel appeared at the deposition and incurred travel costs even after Steel informed them of his intention not to appear. He also asserts that a lack of documentation of the travel expenses is fatal to the award.

According to the record, Steel notified opposing counsel that he did not believe he was obligated to appear for the deposition in light of the dismissal of the complaint. There was an exchange of letters between counsel and Steel ultimately advised Telluride's counsel to cancel their travel plans. Telluride's counsel went to Snowmass anyway and appeared for the deposition.

 Although we do not condone the actions of either counsel in these proceedings, the magistrate judge's imposition of sanctions is not an abuse of discretion. Plaintiff failed to appear for the deposition after the court had granted a motion to compel Beadle's deposition. The stipulation entered into as to the change of date still required Beadle's presence on March 1.[3] Furthermore, the record provides sufficient declarations by the parties involved to support the inclusion of travel expenses in the award.

### IV

 Steel's final contention is that the magistrate judge erred in imposing additional sanctions for the unsuccessful motion for reconsideration. The magistrate found that "[d]efendants' motion for reconsideration

lacked both legal and factual bases and, is therefore, substantially unjustified." The magistrate judge imposed sanctions for the cost of opposing the motion stating, "as this is a dispute involving discovery, further sanctions are imposed pursuant to [Rule] 37(a)(4)." Although Rule 37 provides for fees and costs incurred in making a motion to compel, it does not provide those sanctions for defending a motion for reconsideration. We have "foreclosed the application of Rule 37 sanctions ... where a party's alleged discovery-related misconduct is not encompassed by the language of the rule." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir.1992). We therefore conclude that the magistrate judge may not impose sanctions pursuant to Rule 37 for bringing the motion for reconsideration.

 The magistrate judge's sanction order for the motion for reconsideration may have been proper pursuant to Rule 11, but the magistrate judge only identified Rule 37 as the basis for the sanctions. The imposition of Rule 11 sanctions requires both notice and that the award be "properly itemized in terms of the perceived misconduct and the sanctioning authority." *In re Yagman*, 796 F.2d 1165, 1183–84 (9th Cir.), *as amended*, 803 F.2d 1085 (9th Cir.1986), *cert. denied*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987). Because neither was provided, the award for the sanctions may not be sustained pursuant to Rule 11. Because we find no support in the record for the imposition of sanctions for the motion for reconsideration, we reverse this portion of the award.

### V

The award of sanctions by the magistrate for the motion to compel was not an abuse of discretion. Because Rule 37 does not support a sanction award for the motion for reconsideration, the magistrate judge did abuse his discretion in awarding sanctions for the motion for reconsideration. Each party will bear their own costs on this appeal.

---

**3.** Steel also argues that no sanctions should be imposed because the notice improperly moved the deposition to Snowmass rather than Telluride. Although it is unclear in the record whether the parties agreed to resume the deposition in Snowmass, the magistrate judge apparently concluded that the notice was proper in imposing the sanctions. If Steel believed the notice was improper he could have sought relief from the court. His failure to do so indicates that the magistrate judge's reliance on the notice in imposing sanctions was not an abuse of discretion.

AFFIRMED IN PART, REVERSED IN PART.

NOONAN, Circuit Judge, concurring in part and dissenting in part:

This case reflects the uncivil state to which civil litigation sometimes today descends. Aware that their own complaint had been dismissed and that they had filed no amended complaint, the plaintiff's counsel insisted that defendants' counsel attend a scheduled deposition at a ski resort in Colorado. Now plaintiff's counsel have successfully sought sanctions for their adversaries' failing to appear. I do not believe we should reward these ungenerous lawyers; nor—although it is a question that could go either way—do I believe that the district court had jurisdiction to enforce its discovery order when the complaint had been dismissed and no amended complaint had been filed.

I concur in reversing the award of additional sanctions for the motion for reconsideration.