107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STUDENT LOAN FUND OF IDAHO, a Non-profit Idaho Corporation,
Plaintiff-Appellant,
v.
Richard W. RILEY, in His Official Capacity as Secretary of
the U.S. Department of Education; U.S. Department
of Education, Defendants-Appellees.
 No. 95-36179.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1996.
Decided Dec. 13, 1996.
 
 Before: WRIGHT, SCHROEDER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant SLFI correctly argues that partial summary judgment was erroneous because the statutory condition was not satisfied. The Higher Education Act prohibits the Secretary from requiring the return of all guaranty agency reserve funds "unless the Secretary determines that such return is in the best interest of the operation of the program ... or to ensure the proper maintenance of such agency's funds or assets or the orderly termination of the guaranty agency's operations and the liquidation of its assets." 20 U.S.C. § 1072(g)(1). Appellee argues that SLFI terminated its operations and that the Secretary made a "best interest" determination.
 
 
 3
 There was at least a genuine issue of fact as to whether SLFI had terminated its operations. SLFI evidently sought to continue performing certain responsibilities regarding existing loans, but to guarantee no future loans. The agency officials apparently did not wish to allow this arrangement. Appellee failed to establish that there was a termination.
 
 
 4
 There was no evidence that the Secretary had made a "best interest" determination. Appellee's argument relies on there having been such a determination. Appellee argues that "1072(g) provides DoE with complete authority to terminate SLFI's participation entirely and to seek transfer of all reserve funds and outstanding loan portfolio if such action 'is in the best interest of the operation of the [FFELP] * * *.' " Appellee argues that the May 16 and September 20 letters from the Department to SLFI "demonstrate that DoE had determined that a guarantee agency that was completely in the program ... rather than an agency that was half in and half out, as SLFI claims it was proposing, was in the best interest of the program."
 
 
 5
 The May 16 letter construes an SLFI letter as notice of termination, and demands access to various books and records in order to "determine the contractual obligations that will be transferred." The September 20 letter, signed by the Acting Director, Guarantor and Lending Oversight Staff, expresses disagreement with SLFI's position that certain assets are not government property, and purports to order SLFI to transfer all assets.
 
 
 6
 These letters do not satisfy the statutory condition that "the Secretary determines that such return is in the best interest of the operation of the program." While appellee is correct in saying that the statute requires no particular form, it does require that the Secretary make the "best interest" determination. The letters do not purport to make such a determination. They assume the determination has been made and direct SLFI to take actions required of an agency after that determination. They do not establish that the Secretary made such a determination. Our attention has not been directed to any other evidence that the Secretary made the determination required by 20 U.S.C. § 1072(g)(1). It was appellee's burden to prove that this statutory "best interest" determination had been made, and it offered no evidence to prove it, so summary judgment could not properly be granted in favor of appellee.
 
 
 7
 Because the evidence did not establish that the statutory condition had been met, the partial summary judgment must be reversed and the permanent injunction vacated. We do not reach the difficult question of which assets SLFI could be required to return or transfer had there been such a determination: all assets listed in 34 C.F.R. 682.410(a)(1), only assets defined in 20 U.S.C. § 1072(a) as "non-federal," or some other denotation. We intimate no view on this question.
 
 
 8
 We do not reach the question raised by SLFI, of whether the district court erred in denying its motion to amend its complaint. We lack jurisdiction to review that denial because SLFI's entire action has not been dismissed, and none of the relevant exceptions to the general rule that such claims must be appealed after final judgment are applicable. See Telluride Management Solutions, Inc. v. Telluride Investment Group, 55 F.3d 463, 466 (9th Cir.1995). We also do not decide whether the district court erred in denying SLFI's motion for partial summary judgment and writ of mandamus. A denial of a motion for summary judgment is an interlocutory order that cannot be appealed before entry of a final judgment. Hopkins v. City of Sierra Vista, 931 F.2d 524, 529 (9th Cir.1991). Now that the "best interest" determination issue is resolved, the matters raised in this motion will be before the district court for its consideration in light of our decision.
 
 
 9
 The grant of summary judgment in favor of the Secretary is REVERSED, and the injunction based on it is VACATED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3