**SIGMA–TAU INDUSTRIE FRAMA-CEUTICHE RIUNITE, S.P.A., et al., Plaintiffs,**

v.

**LONZA, LTD., Defendant.**

**Civil Action No. 97–0562 JHG/DAR.**

United States District Court,
District of Columbia.

June 7, 2000.

Jean–Paul Lavalleye, Jeffrey Bayne McIntyre, Christina Miriam Gadiano, Norman F. Oblon, Richard D. Kelley, Catherine B. Richardson, J. Derek Mason, Oblon, Spivak, McClelland, Maier & Neustadt, Arlington, VA, for Sigma–Tau Industrie Farmaceutiche Riunite, S.P.A., Biosint, S.P.A.

Douglas P. Lobel, Kelley Drye & Warren, LLP, Washington, DC, Joseph Robinson, Maryann Hayes, Bert J. Lewen, James E. Hanft, David R. Francescani, Darby & Darby P.C., New York City, Daniel R. Schechter, Darby & Darby, P.C., New York City, David Francescani, Francescani & Hayes, L.L.P., Great Neck, NY, for Lonza, Ltd.

## MEMORANDUM ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

This is a declaratory judgment action in which plaintiffs seek a determination that U.S.Patent No. 5,073,376 ("the '376 patent") is invalid and not infringed. During the course of discovery, plaintiffs took the deposition of Stephen Blum, then an employee of defendant and a co-inventor of the patent which plaintiffs have alleged is prior art to the '376 patent.

After the close of discovery, plaintiffs sought leave to reopen discovery, and to redepose Mr. Blum and conduct follow-up discovery with respect to Blum's corrections of his deposition testimony. *See* Plaintiffs' Motion for Leave to Reopen Discovery to Redepose Stephen Blum and Conduct Discovery of Matters Raised Therein. By an Order entered on July 27, 1998, the trial court granted the motion. The trial court found that "[m]any of the proposed revisions reveal that Mr. Blum did not respond accurately and completely to the questions posed at his deposition[,]" and that "the significantly different answers now proposed by Mr. Blum ... [are] ample justification for plaintiffs' request to re-depose Mr. Blum." July 27, 1998 Order at 2. By the same Order, the trial court referred to the undersigned any disputes between the parties regarding the reasonableness of the follow-up discovery. July 27, 1998 Order at 3. In a subsequent Order, the trial court referred to the undersigned for resolution the plaintiffs' allegations that counsel for defendant caused the re-deposition by instructing Mr. Blum to lie, to withhold information and not to correct his original deposition testimony. September 16, 1998 Order at 2; *see* Plaintiffs' Supplemental Opposition to Defendant's Motion for Partial Reconsideration of the Order Granting Leave to Reopen Discovery to Re–Depose Stephen Blum and Conduct Discovery of Matters Raised Therein at 2–3. These and other allegations of misconduct by both defendant and its counsel were the subject of Plaintiffs' Motion to Compel Production of Withheld Documents and Testimony Under the Crime–Fraud Exception to the Attorney-Client Privilege and Work Product Immunity Doctrine (Docket No. 117).

During the course of five days in December, 1998, the undersigned heard testimony from six witnesses—including Mr. Blum and Bert Lewen, one of defendant's counsel—and reviewed 84 exhibits, 58 of which were received into evidence. At the conclusion of the hearing, counsel for the

parties met and conferred in accordance with the undersigned's order. In the written report of their conference, plaintiffs identified seven acts which they alleged were relevant to their allegations of fraud, all involving conduct by Mr. Lewen with respect to Mr. Blum. *See* Stipulations of the Parties Regarding Issues Before the Court as a Result of the Hearing Pertaining to [Plaintiffs'] Motion to Compel Production of Documents (Docket No. 138) ("Stipulations") at 3–4. Plaintiffs withdrew their allegations of fraud against lawyers David Francescani and Maryann Hayes, as well as the various officers and employees of Lonza, Inc. and Lonza AG against whom such allegations were initially made.[1] Stipulations at 4. Plaintiffs also withdrew their allegation that Mr. Lewen committed an act of fraud by taking a position he knew to be incorrect.[2] Stipulations at 5.

Upon consideration of the evidence offered at the hearing, the oral arguments of counsel, the parties' written submissions and the entire record herein, the undersigned found that no credible evidence was offered in support of plaintiffs' allegations that Mr. Lewen, through his participation in either the document review at Mr. Blum's home or the preparation of Mr. Blum for the December, 1997 deposition, committed any fraud on the Court. The undersigned further found that plaintiffs failed to demonstrate that Mr. Blum offered any testimony at his December, 1997 deposition which was false. Finally, the undersigned found that even assuming, *arguendo*, that Mr. Blum willfully offered false testimony during his December, 1997 deposition, plaintiffs did not show that Mr. Lewen knew that Mr. Blum's testimony was false. More specifically, the undersigned found that Mr. Lewen never direct-

ed Mr. Blum to testify falsely; had no knowledge that any testimony offered by Mr. Blum was false; and had no reason to believe that Mr. Blum would testify falsely. On the basis of those findings, the undersigned denied Plaintiffs' Motion to Compel Production of Withheld Documents and Testimony Under the Crime Fraud Exception to the Attorney–Client Privilege and Work Product Immunity Doctrine. *Sigma–Tau Industrie Farmaceutiche Riunite, S.p.A., et al. v. Lonza, Ltd.*, 48 F.Supp.2d 16 (D.D.C.1999).

By a motion filed on December 6, 1999—nearly ten months after the entry of the Order denying plaintiffs' motion to compel—defendant moves, pursuant to Rule 37(a)(4)(B) of the Federal Rules of Civil Procedure, for entry of an order awarding reasonable fees and expenses incurred in defending plaintiffs' motion to compel. *See* Defendant/Counter–Plaintiff's Motion for Fees and Expenses Pursuant to Rule 37(a)(4)(B), FED.R.CIV.P (Docket No. 162). In the memorandum in support of its motion, defendant maintains that

> [r]epeatedly, Plaintiffs represented to the Court that the entire process of new depositions, additional documentary production and a five-day hearing was necessary in order to obtain critical evidence relating to the patent-in-suit which was kept from them during the initial deposition of Mr. Stephen Blum, Defendant's former employee. In doing so, Plaintiffs presented a tale of Machiavellian-intrigue, complete with allegations of coercion, conspiracy to commit perjury and double-crossing. Instead, the uncontroverted evidence showed that Mr. Blum's accusations were nothing more than the ramblings of a deeply troubled individual seeking

---

1. *See* Plaintiffs' Memorandum in Support of Their Motion to Compel Production of Withheld Documents and Testimony Under the Crime–Fraud Exception to the Attorney–Client Privilege and Work Product Immunity Doctrine ("Plaintiffs' Memorandum in Support of Motion") at 2–4; Plaintiffs' Memorandum of Law Regarding Discovery Relating to

the Issue of Fraud on the Court (Docket No. 139) ("Plaintiffs' Pre–Hearing Memorandum") at 4, 9–10.

2. *See* Plaintiffs' Memorandum in Support of Motion at 4; Plaintiffs' Pre–Hearing Memorandum at 16–17.

the proverbial "pound of flesh" from an employer who he felt had betrayed him. Defendant/Counter–Plaintiff's Memorandum of Law in Support of its Motion for Fees and Expenses Pursuant to Rule 37(a)(4)(B), FED.R.CIV.P. ("Defendant's Memorandum") at 2.

Defendant further maintains that

[s]o incredible and nonsensical was Mr. Blum's testimony that it cannot, in good faith, be argued that Plaintiff's motion contained the requisite "substantial justification" for a *bona fide* motion to compel under Rule 37, FED.R.CIV.P. As such, Plaintiffs should be made to bear the expenses, including attorneys fees, incurred by Defendant in opposing this baseless motion.

Defendant's Memorandum at 3. Defendant submits that "all of the evidence presented by the parties at the hearing was already known to plaintiffs," and that there was "absolutely no justification to proceed with the hearing after discovery on the matter was taken and there are no circumstances which make an award of expenses unjust." *Id.*

Plaintiffs, in their opposition, argue that defendant's motion "is predicated upon what is at best described as a disingenuous reconstruction of the record." Plaintiffs' Opposition to Defendant's Motion for Fees and Costs Associated With Sigma Tau's Motion to Compel Production ("Plaintiffs' Opposition") at 2. Plaintiffs further maintain that defendants bear the "singular responsibility for the court's decision to receive oral evidence" by reason of their assertion of an " '*absolute right* to present both testimony and argument' on the crime-fraud issue." *Id.* Plaintiffs state that they "never independently sought a hearing at all " *Id.*

Plaintiffs submit that defendant's decision to put on five witnesses at the hearing "belies its contention that Mr. Blum's incredibility was so patently obvious that plaintiffs should have withdrawn their motion prior to the hearing." Plaintiffs' Op-

position at 4. Plaintiffs maintain that they have met their burden of "substantial justification," and that defendant's motion for an award of costs and fees must therefore be denied. *Id.* at 4–5.

Defendant, in its reply, asserts that plaintiffs have made no attempt to justify their actions in proceeding with the hearing after discovery on the crime-fraud issue was completed, or in proceeding with the hearing on the sole basis of the "incredible testimony of Stephen Blum[.]" Defendant/Counter–Plaintiff's Reply Memorandum of Law in Support of its Motion for Fees and Expenses Pursuant to Rule 37(a)(4)(B), FED.R.CIV.P. ("Defendant's Reply") at 2. Defendant also asserts that "Plaintiffs neglect to address the fact that at the completion of the hearing, they dropped all charges against two of Defendant's three attorneys and all of [the] Lonza employees whom they initially charged with witness subornation." *Id.* Defendant submits that

Plaintiffs' voluntary dismissals of all of their fraud allegations against Lonza and its attorneys (with the exception of attorney Lewen) at the end of the hearing and the Court's total rejection of Plaintiffs' fraud allegations against Mr. Lewen provide ample evidence of the lack of substantial justification for Plaintiffs' proceeding with the motion to compel hearing.

Defendant's Reply at 6. Defendant also argues that "Plaintiffs have utterly failed to address the merits of Defendant's motion and for that reason alone, Defendant's motion should be granted." Defendant's Reply at 7.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, that if a motion to compel is denied, the court shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party ... who opposed the motion the reasonable ex-

penses incurred in opposing the motion, including attorney's fees, *unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.*

FED.R.CIV.P. 37(a)(4)(B) (emphasis supplied). This Court has observed that

> [t]he Supreme Court has stated that a party meets the "substantially justified" standard when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion.

*Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 144, 147 (D.D.C.1999), citing *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see Eureka Financial Corp. v. Hartford Accident and Indemnity Co.,* 136 F.R.D. 179, 186 (E.D.Cal.1991). Thus, "a good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification.'" *Liew v. Breen,* 640 F.2d 1046, 1050 (9th Cir.1981). The burden of persuasion rests upon the party against whom an award of expenses is sought. *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. at 147 n. 2.

Here, defendant does not maintain that plaintiff's *filing* of the motion to compel lacked substantial justification; rather, defendant seeks an award of expenses incurred only in connection with the *hearing* on plaintiffs' motion to compel. *See* Defendant's Reply at 1–2. Defendant maintains that the discovery which preceded the hearing "resolved any doubt as to the veracity of the inconsistent, incredible and defamatory allegations of their sole witness[,] Mr. Blum[,]" and that there was no substantial justification to proceed with the hearing after discovery on the crime-fraud issue was completed. *Id.* at 4, 8.[3]

Plaintiffs seemingly concede that a court could award expenses under Rule 37(a)(4)(B) where the motion for expenses is based solely upon a claim that the decision to proceed with a hearing on a motion to compel was not substantially justified.[4] Plaintiffs argue that they "surely have met their burden of 'substantial justification[,]'" and maintain that defendant's claim "is predicated upon what is at best described as a disingenuous reconstruction of the record." Plaintiffs' Opposition at 2, 4.

Applying the standard which the parties agree should govern the determination of defendant's motion, the undersigned finds that plaintiffs have demonstrated the existence of "a good faith dispute concerning a discovery question" sufficient to constitute substantial justification for proceeding with the hearing on their motion to compel. *See Liew v. Breen,* 640 F.2d at 1050. First, the undersigned finds that the extent of Mr. Blum's lack of credibility was not fully comprehended by either side prior to the hearing on the motion to compel, and became apparent only through direct and cross examination of Mr. Blum at the hearing. Indeed, after the close of discovery on the crime-fraud issue but prior to the start of the hearing, the parties, in their pre-hearing memoranda, focused principally on the issue of the quantum of proof which would be required in order for plaintiffs to prevail on their motion to compel. *See Sigma–Tau Industrie Farmaceutiche Riunite S.p.A v. Lonza, Ltd.,* 48 F.Supp.2d at 18–19. At no time during the pre-hearing conference, or in its pre-

---

**3.** Rule 37(a)(4)(B) of the Federal Rules of Civil Procedure, by its terms, requires a determination of whether "the making of the motion" to compel was substantially justified. No reported decision addresses the precise claim presented by defendant here: substantial justification for "the making of the motion" to compel is conceded, but the decision to proceed with a hearing on the motion is challenged.

**4.** *See* n. 3, *supra.* Plaintiffs contend that "[t]he cases on which defendant relies do not support the award of costs and fees in a case such as this one, where defendant concedes that plaintiffs' motion was well-founded at the outset but claims that it subsequently should have been withdrawn." Plaintiffs' Opposition at 4.

hearing memorandum, did defendant suggest that Mr. Blum's subsequent testimony was "so incredible and nonsensical" that the hearing was unwarranted. *Id.* at 18. Rather, as plaintiffs aptly observe, defendant insisted that it was "entitled to a hearing to rebut Blum's allegations of fraud on the Court[.]" Defendant's Cross Motion for a Pretrial Conference to Establish a Procedure to Resolve the Issues Raised by the Blum Deposition and for a Protective Order (Docket No. 119) at 2.

Moreover, in its pre-hearing memorandum, filed six days prior to the start of the hearing, defendant stated that

> [b]ased on the initial bare showing of Blum's testimony in this case, the Court properly granted the upcoming hearing to give [defendant] an opportunity to present evidence.... *While that initial showing by Plaintiffs ... may have been sufficient to hold a hearing,* it is insufficient to show that the exception applies to remove the attorney/client privilege.

Defendant Lonza Ltd.'s Pre–Hearing Memorandum on the Fraud on the Court Issue (Docket No. 130) at 7 (emphasis supplied). Thus, the position that defendant now takes—that *plaintiffs'* decision to proceed with the hearing lacked substantial justification—is at odds with the position it took both in requesting the hearing and in conceding that the "initial showing" by plaintiffs was a "sufficient" basis upon which to hold a hearing.

To the extent that defendant now claims that the hearing was unduly protracted, *see* Defendant's Memorandum at 3, the undersigned finds that the length of the hearing cannot be ascribed soley to plaintiffs. Plaintiffs called but a single witness, Mr. Blum. Even after Mr. Blum's lack of credibility was demonstrated during both direct and cross examination, defendant never suggested that no further evidence was needed in order for the Court to decide plaintiffs' motion to compel and instead, put on five witnesses. Defendant's decision to put on five witnesses, including two who traveled from Europe, can only be deemed to constitute recognition of "a good faith dispute concerning a discovery question." [5]

Finally, while a finding of bad faith is not required as a condition of an award of expenses under Rule 37(a)(4)(B), *see Eureka Financial Corp. v. Hartford Accident and Indemnity Co.,* 136 F.R.D. at 186, the undersigned finds that plaintiffs' good faith serves to demonstrate that plaintiffs' motion to compel "[was] not devoid of justification." *See In re Multi–Piece Rim Products Liability Litigation,* 653 F.2d 671, 680 (D.C.Cir.1981). More specifically, the undersigned finds that plaintiffs' decision at the close of the hearing to withdraw some of the particularized claims of fraud they initially made demonstrates their good faith in proceeding with the hearing and in complying with the undersigned's order that the parties meet and confer in an effort to narrow the issues which remained. *Sigma–Tau Industrie Farmaceutiche Riunite, S.p.A. v. Lonza, Ltd.,* 48 F.Supp.2d at 19; *see* Stipulations at 4–5.[6]

## CONCLUSION

For the foregoing reasons, the undersigned finds that plaintiffs were substan-

---

**5.** The Consent Order signed by counsel for defendant on the day before the hearing commenced further evidences defendant's intent to fully participate in the hearing. In the Consent Order, defendant and plaintiffs memorialized their agreement that after plaintiffs presented their case-in-chief,

> *Defendant will then present its case-in-chief,* with Plaintiffs having the opportunity to cross-examine any witness called by Defendant, followed by redirect and recross as necessary.

Consent Order Regarding the Format for the Hearing Before the Court on December 10–11, 1998 (Docket No. 131) at 2 (emphasis supplied).

**6.** Defendant fails to explain how these "voluntary dismissals" after the hearing on the motion to compel "provide ample evidence of the lack of substantial justification for ... proceeding with the ... hearing." *See* Defendant's Reply at 6.

tially justified in proceeding with the hearing on their Motion to Compel Production of Withheld Documents and Testimony Under the Crime–Fraud Exception to the Attorney–Client Privilege and Work Product Immunity Doctrine. It is, therefore, this 7th day of June, 2000,

**ORDERED** that Defendant/Counter–Plaintiff's Motion for Fees and Expenses Pursuant to Rule 37(a)(4)(B), Fed.R.Civ.P. (Docket No. 162) is **DENIED.**